IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MID-CENTURY INSURANCE COMPANY and FARMERS INSURANCE EXCHANGE,<br><br>　　　　　　　　　　Plaintiffs,<br><br>vs.<br><br>JEREMIAH JOHNSON,<br><br>　　　　　　　　　　Defendant. | Case No. 13-CV-2191 RDR/KDS |

## COUNTERCLAIM

**COMES NOW** Defendant, Jeremiah Johnson, and for his counterclaim against the Plaintiffs alleges and states as follows:

## JURISDICTION

1. The United States District Court for the District of Kansas has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 in that the controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest and costs and is between citizens of different states.

2. Defendant Jeremiah Johnson is a citizen and resident of the state of Missouri.

3. The Plaintiff Mid-Century Insurance Company is a stock insurance company incorporated in the state of California with its principal place of business in the state of California.

4. Farmers Insurance Exchange is a reciprocal insurance exchange with its principal place of business in California.

5. The cause of action arises out of insurance policies issued to Defendant Jeremiah Johnson by Plaintiff Mid-Century Insurance Company and Farmers Insurance Exchange.

6. Further, this matter is removed to the United States District Court for the District of Kansas in that the original cause of action filed in the District Court of Johnson County, Kansas, precluded jurisdiction of the Federal Court in that it was alleged that a Co-Defendant, now dismissed, Lauren Spalsbury, was a resident of Johnson.

## GENERAL ALLEGATIONS

**COMES NOW** Defendant Jeremiah Johnson and states as follows:

1. Jeremiah Johnson incorporates the jurisdictional criteria as set forth above as if set more fully in detail herein.

2. Plaintiff Mid-Century Insurance Company issued to Defendant a Missouri Homeowner's Protector Plus Policy No. 0922693646 with effective dates of December 29, 2010, through December 29, 2011, providing a comprehensive personal liability limit of Five Hundred Thousand Dollars ($500,000.00).

3. Farmers Insurance Exchange issued a Farmers Personal Umbrella Policy No. 604554424 to the Defendant with effective dates of June 25, 2010, through June 25, 2011, providing for excess coverage of One Million Dollars ($1,000,000.00) in liability coverage.

4. Jeremiah Johnson was an "insured" under the terms and conditions of the insurance policies in question and the coverage was written in the state of Missouri; solicited in the state of Missouri; obtained in the state of Missouri; and the premiums

2

wsabeop0 101286163 v.1

were paid in the state of Missouri.

5. On June 2, 2011, Jeremiah Johnson was operating a small law firm with offices in Kansas and Missouri and was operating as a corporation.

6. The corporate law firm employees included Katie Sellers, Brooke Bashaw and Lauren Spalsbury.

7. On June 2, 2011, Katie Sellers was assigned to a project in the file room, adjacent to the main office.

8. On June 2, 2011, Brooke Bashaw was assigned to a project in the attic where closed files and supplies were kept.

9. Prior to June 2, 2011, Jeremiah Johnson and other employees had become concerned about Katie Sellers' work performance.

10. To determine whether Katie Sellers was working, an iPad was set up in a location to record Ms. Sellers' working in the file room while the attorneys were out of the office and Ms. Bashaw was in the attic.

11. After discovering the iPad Ms. Sellers, Ms. Bashaw and Ms. Spalsbury terminated their employment and retained attorneys Jason Roth and Patrick Copley who sent notification of a pending claim to Jeremiah Johnson accusing him of breaching the privacy of Katie Sellers, Brooke Bashaw and Lauren Spalsbury, and causing personal injury to them.

12. The nature of the claims being advanced against Jeremiah Johnson were within in the terms and conditions of the insurance policies in full force and effect for Jeremiah Johnson.

wsabeop0 101286163 v.1

13. On June 11, 2011, Plaintiffs Mid-Century and Farmers were notified of the claims being advanced by Katie Sellers, Brooke Bashaw and Lauren Spalsbury.

14. Mid-Century and Farmers did not open an investigation for at least three months in regard to the claims being made.

15. For at least three months, neither Mid-Century nor Farmers took any action to contact Jeremiah Johnson, the attorneys for Katie Sellers, Brooke Bashaw and Lauren Spalsbury, or the individual claimants or to conduct any investigation in regard to the claims that were being advanced.

16. Neither Mid-Century nor Farmers offered to participate in the defense or indemnification of the claims.

17. Jeremiah Johnson was very concerned about the potential effect of the claims on his law practice and reputation.

18. Neither Mid-Century nor Farmers had offered a defense. As a result, Jeremiah Johnson employed counsel at his own expense in an effort to resolve the claims of Katie Sellers, Brooke Bashaw and Lauren Spalsbury.

19. In the hopes that a neutral third-party could convince the Plaintiffs to drop their claims, Mr. Johnson entered into an agreement to conduct a mediation with Donald Vasos acting s mediator.

20. Mr. Johnson gave Mid-Century and Farmers notice of the pending mediation, however, neither Mid-Century nor Farmers attended or participated in the scheduled mediation.

21. 'Due to the failure of Mid-Century and Farmers to attend or participate in the mediation, efforts to resolve the claims failed.

4

22. Immediately following the mediation, counsel for Katie Sellers, Brooke Bashaw and Lauren Spalsbury, met with the Johnson County District Attorney and encouraged criminal charges to be filed against Jeremiah Johnson.

23. On or about December 20, 201, Brooke Bashaw, Katie Sellers and Lauren Spalsbury filed a complaint for damages against Jeremiah Johnson in the United States District Court for the District of Kansas under Case No. 11CV2693ooo-JWL/JPO. Plaintiff Katie Sellers was represented by attorneys Roth and Copley. Plaintiff Brooke Bashaw was represented by Scott Waddell, and Plaintiff Lauren Spalsbury was represented by Anne Schiavone and Sophie Woodworth.

24. Jeremiah Johnson provided copies of the pleadings to Mid-Century and Farmers and demanded that they defend and indemnify.

25. Mid-Century and Farmers initially failed to defend or indemnify Jeremiah Johnson.

26. On the filing of the complaint for damages against Jeremiah Johnson, the news media, including television stations and newspapers became aware of litigation and ran multiple stories concerning the lawsuit filed by Katie Sellers, Brooke Bashaw and Lauren Spalsbury against Jeremiah Johnson.

27. Stories were also posted on dozens of internet websites and are still online as of this date.

28. The news and internet stories contained inaccurate, false and highly embarrassing accusations about Jeremiah Johnson.

29. After demand was made upon the insurance companies on February 23, 2012, in a letter authored by Stacy Melchionne, Mid-Century and Farmers agreed to employ counsel for Jeremiah Johnson under a reservation of rights.

30. One month later, March 23, 2012, Mid-Century and Farmers again sent a second reservation of rights letter to Jeremiah Johnson's attorney. Neither letter was sent to Jeremiah Johnson at the address listed on the insurance policy in Kansas City, Missouri.

31. In the reservation of rights letters, Mid-Century and Farmers claimed the filing of the Complaint was their first notice of the claim, which was untrue.

32. Mid-Century and Farmers then hired counsel to defend Jeremiah Johnson in the Federal Court civil suit.

33. In failing to investigate the claim or to provide counsel previously to Jeremiah Johnson, upon presentation of a billing, Mid-Century and Farmers agreed to pay, without limitation, the defense costs incurred by Jeremiah Johnson for his personal counsel.

34. Due to Mid-Century's and Farmers' refusal to honor its obligation to Jeremiah Johnson, Johnson negotiated a dismissal of the claims of Katie Sellers, Brooke Bashaw and Lauren Spalsbury and a dismissal of his pending and future claims against them.

35. Prior to the resolution of the claims in Federal Court, at the request of one or more of the claimants, the Johnson County District Attorney's office filed criminal charges against Jeremiah Johnson. Again, all of the local television stations, newspapers and some national news organizations reported the filing of the criminal

charges and made public suggestions that Jeremiah Johnson is or would be disbarred from practicing law.

36. The filing of the civil Complaint and Amended Complaint, and the filing of the criminal charges probably would not have occurred but for the failure of Mid-Century and Farmers to properly investigate, defend and settle the claims of Brooke Bashaw, Katie Sellers and Lauren Spalsbury.

37. In the letters of February 23, 2012, and March 23, 2012, Mid-Century Insurance Company and Farmers Insurance Exchange failed to identify and set forth with specificity the exact portions of the insurance policies wherein they claim that there was no duty to indemnify or defend. However, they stated they would investigate and settle any claim or suit that they consider proper and pay up to the limits of Jeremiah Johnson's respective coverages.

38. Pursuant to Section II – Liability, Coverage E – Personal Liability, Mid-Century and Farmers contracted to pay those damages which an insured became legally obligated to pay because of bodily injury, property damage or personal injury resulting from an occurrence to which the coverage applied, including personal injury, among other things, invasion of the rights of privacy and/or invasion of the right of private occupancy of a room, home or premises that a person occupies when committed by or on behalf of its owner, landlord or lessor. The claims of Sellers, Bashaw and Spalsbury in the Complaint and Amended Complaint filed in the United States District Court for the District of Kansas comprised of claims that fall within the coverage of the insurance policies.

-
-

39. Jeremiah Johnson has and continues to incur attorneys' fees in the defense of the declaratory judgment suit and other matters related thereto.

## COUNT I

**COMES NOW** the Defendant Jeremiah Johnson and for his cause of action against the Plaintiffs in Count I, states as follows:

40. The jurisdictional allegation above and the general allegations above are incorporated herein as if set forth more fully in detail.

41. Jeremiah Johnson, as an insured under the policies in issue, paid premiums to the Plaintiffs in the state of Missouri for insurance coverage. The claims of Bashaw, Sellers and Spalsbury fall within the confines of said coverages.

42. Demand was made upon the insurance companies to investigate, participate, settle and resolve the claims of Bashaw, Sellers and Spalsbury and they refused to do so.

43. The claim rejection in response to the June 2, 2012, notice was insufficient under the laws of the state of Missouri and/or Kansas.

44. The purported reservation of rights letters dated February 23, 2012, and March 23, 2012, are insufficient and inappropriate under the laws of the state of Missouri and/or Kansas and were not sent to the Defendant at his residence and further were insufficient in that they did not identify the purported exclusions for coverage for the claims of the respective Plaintiffs. Further, the Plaintiffs failed to defend and indemnify the claims thereby necessitating the Defendant to do so with his own personal funds.

45. As a result of the breach of contract by the Plaintiffs, Jeremiah Johnson has suffered damages and will continue to do so because of their breach.

**WHEREFORE**, Jeremiah Johnson prays that he be granted judgment for breach of contract against the Plaintiffs in the sum of Sixty-Seven Thousand Dollars ($67,000.00), interest, costs, attorneys' fees, both past and present, and for such other and further relief as the Court deems fair, just and equitable.

### COUNT II

**COMES NOW** the Defendant Jeremiah Johnson and for his cause of action against the Plaintiffs in Count II, alleges and states as follows:

46. The jurisdictional allegations above and the general allegations above and those allegations set forth in Count I are incorporated herein as if set forth more fully in detail.

47. The Plaintiffs were negligent and grossly negligent in their failure to investigate, defend, and indemnify the Defendant for the claims of Bashaw, Sellers and Spalsbury. After having been timely notified of the claims of Bashaw, Sellers and Spalsbury, the Plaintiffs conducted no investigation and did not act in a non-negligent fashion to protect the rights and obligations of their insured, Jeremiah Johnson. The Plaintiffs failed to conduct an investigation which means the review of all activities of an insurer directly or indirectly related to the determination of liabilities under the coverage afforded by an insurance policy or insurance contract and failed to acknowledge the notification of the claim which means any notification, whether in writing or other means acceptable under the terms of the policy or insurance contract to an insurer or its agent by a claimant which reasonably apprizes the insurer of the facts pertinent to the claim.

48. Mid-Century and Farmers were warned that their failure would have an enormous impact on Jeremiah Johnson's business.

49. Mid-Century and Farmers still refused to honor their obligations knowing that Jeremiah Johnson's business would be severely impacted.

50. As a direct result of Mid-Century's and Farmers' failure to act inaccurate and highly embarrassing information was published about Jeremiah Johnson.

51. As a result of Mid-Century's and Farmers' failure to act, Jeremiah Johnson's business was negatively impacted; his reputation called into question; and his ability to obtain new clients has been greatly diminished causing him a significant amount of lost income.

52. As a result of the failure of the Plaintiffs to comply with their obligation under the contracts of insurance and their indifference and neglect, Jeremiah Johnson has suffered damages to his reputation and to his business practice, and has been exposed to nationwide criticism on various social media, including YouTube, various internet sites, and other social and public media.

53. The Plaintiff insurers have caused damages to Jeremiah Johnson by their total neglect of the claim and as a result thereof Defendant Johnson has incurred attorneys' fees and will continue to incur attorneys' fees in the future.

54. The failure of the Plaintiffs to investigate and defend the claims were contrary to their obligation to the law and showed a complete indifference for the rights of Defendant Johnson. The actions of the Plaintiffs were not only negligent, but grossly negligent and exhibited a total disregard for the rights and protection of the Defendant and were intentional and/or reckless.

55.   Further, the failure of the Plaintiffs or their agents, servants, or employees to act in a reasonable and good faith basis to their insured was in violation of their own internal rules and regulations for the handling of claims which, if followed and pursued, would have avoided the claims asserted against Jeremiah Johnson and his exposure to public scrutiny.

56.   The actions of the Plaintiffs were so intentional, reckless or done with a total disregard for the rights and obligations of Jeremiah Johnson, the Court should award, in addition to actual damages, an award of punitive damages to deter like conduct and to punish for and to determine like or similar conduct in the future.

**WHEREFORE**, Defendant in Count II prays that he be granted judgment against the Plaintiffs in a sum of Two Hundred Fifty Thousand Dollars ($250,000.00) punitive damages to be determined, attorneys' fees, costs, and for such other and further relief as the Court deems fair, just and equitable.

### COUNT III

**COMES NOW** the Defendant Jeremiah Johnson and for his cause of action against the Plaintiffs in Count III alleges and states as follows:

57.   The jurisdictional allegations above and the general allegations as set forth in Counts I and II are incorporated herein as if set forth more fully in detail.

58.   On June 11, 2011, Jeremiah Johnson requested Mid-Century and Farmers to investigate claims made against him for personal injury and breach of privacy.

59.   The claims being made fell with the provisions and coverage of the policies.

60. Jeremiah Johnson complied with all terms and conditions of the policies.

61. Mid-Century and Farmers failed to investigate the claims for several months and took no action until after Jeremiah Johnson was sued in Federal Court.

62. Mid-Century and Farmers initially failed to offer a defense or indemnity.

63. Mid-Century and Farmers never offered to indemnify Jeremiah Johnson and vexatiously refused to pay the claims.

64. As a direct and proximate result of Mid-Century's and Farmers' failure to comply with the terms and conditions of the policy and to defend and indemnify Jeremiah Johnson, he has suffered damages.

**WHEREFORE**, Jeremiah Johnson in Count III prays that he be granted judgment against Mid-Century and Farmers for an amount of One Hundred Twenty Five Thousand Dollars ($125,000.00), plus interest, and for a finding that Mid-Century and Farmers failed or refused to pay for a period of 30 days after demand without reasonable cause or excuse; an additional amount as penalty not to exceed 20% of the first $15,000.00 of the award on the policy not including interest and 10% of the remainder of such award, and for his attorney's fees and costs.

WALLACE, SAUNDERS, AUSTIN, BROWN, & ENOCHS, CHTD.

BY: /s/ Richard T. Merker
Richard T. Merker    KS# 07405
10111 West 87th Street
Overland Park, KS 66212
(913) 888-1000 FAX - (913) 888-1065
rmerker@wallacesaunders.com

ATTORNEYS FOR DEFENDANT
JEREMIAH JOHNSON

wsabeop0 101286163 v.1

The undersigned hereby certifies that a true and correct copy of the above and foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following, and that I certify I have placed a copy in the U.S. Mail on this 1st day of May, 2013, to:

Christopher J. Carpenter
Tracy M. Hayes
SANDERS WARREN & RUSSELL LLP
40 Corporate Woods, Suite 1250
9401 Indian Creek Parkway
Overland Park, KS 66210
(913) 234-6100     Fax:   (913) 234-6199
Cj.carpenter@swrllp.com
t.hayes@swrllp.com

ATTORNEYS FOR PLAINTIFFS


_____/s/ Richard T. Merker_____
For the Firm

wsabeop0 101286163 v.1