BOX 38

## IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
## CIVIL COURT DEPARTMENT

MID-CENTURY INSURANCE COMPANY and
FARMERS INSURANCE EXCHANGE,

        Plaintiff,

vs.

    Case No. 12CV08860
    Division No. 7

JEREMIAH JOHNSON and LAUREN
SPALSBURY,

        Defendants.

## ORDER GRANTING EXTENSION TO ANSWER FOR DEFENDANT JEREMIAH JOHNSON

Pursuant to Supreme Court Rule 113, Defendant Jeremiah Johnson is granted an additional 14 days to Answer or otherwise plead in the above-captioned matter. Separate Defendant shall answer or otherwise respond by January 2, 2013.

Clerk of the District Court

By: _12 - 12 - 12_

CLERK OF DISTRICT COURT,
JOHNSON COUNTY, KS

2012 DEC 12   AM 10: 12

wsabeop0 101265040 v.1

WALLACE, SAUNDERS, AUSTIN,
BROWN AND ENOCHS, CHARTERED

By _____

Richard T. Merker          KS# 07405
10111 West 87th Street
Overland Park, KS 66212
rmerker@wallacesaunders.com
(913) 888-1000   Fax - (913) 888-1065

ATTORNEYS FOR DEFENDANT
JEREMIAH JOHNSON

I hereby certify that the above and foregoing was sent via U.S. Mail, postage prepaid,
on this _10th_ day of December, 2012, to:

Christopher J. Carpenter
Tracy M. Hayes
SANDERS WARREN & RUSSELL LLP
40 Corporate Woods, Suite 1250
9401 Indian Creek Parkway
Overland Park, KS 66210
(913) 234-o6100  Fax:  (913) 234-6199

ATTORNEYS FOR PLAINTIFFS MID-CENTURY
INSURANCE COMPANY and FARMERS INSURANCE
EXCHANGE

Anne Schiavone
Sophie Woodworth
HOLMAN SCHIAVONE, LLC
4600 Madison Avenue, Suite 810
Kansas City, MO 64112
aschiavone@hslawllc.com
(816) 283-8738     Fax:   (816) 283-8739

ATTORNEYS FOR DEFENDANT LAUREN
SPALSBURY

_____
For the Firm

2

12CV08860
Div7

IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
CIVIL COURT DEPARTMENT

MID-CENTURY INSURANCE COMPANY, ET AL,
                    Plaintiff,

                                        CASE NO. 12CV08860
vs.                                     Chap. 60

JOHNSON, JEREMIAH ET AL,
                    Defendant,

ORDER FOR CASE MANAGEMENT CONFERENCE

A case management conference has been scheduled in the above-referenced case for **March 1, 2013, 09:30am**, Division 7.  **Plaintiff=s counsel is required to serve a copy of this order on all counsel who enter their appearance on behalf of any other party to this action, and/or any party that is proceeding pro se.**  Failure to comply with this order may result in dismissal of this action.  Failure to appear at the case management conference may result in judgment against the party who has failed to appear. Personal appearance is required.

IT IS SO ORDERED.

/s/ David W. Hauber
DAVID W. HAUBER
District Court Judge, Div. 7

NOTICE OF SERVICE

Copies of the above and foregoing have been sent by the court to counsel and/or self-represented litigants at the address(es) provided by them as of record this date of filing.

*Clerk of the District Court, Johnson County Kansas*
*12/18/12  11:03am DL*

**IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS**
**CIVIL COURT DEPARTMENT**

| | | |
|---|---|---|
| MID-CENTURY INSURANCE COMPANY, et al, | ) ) ) | |
| Plaintiffs | ) ) | Case No. 12-CV-08860 |
| v. | ) ) ) | Division 7 |
| JEREMIAH JOHNSON, et al, | ) ) | |
| Defendants | ) | |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 18th day of December, 2012, a copy of the

*Order for Case Management Conference* was mailed via U.S. Mail, postage prepaid, to the

following:

Richard T. Merker
Wallace Saunders Austin Brown & Enochs, Chtd.
2300 Main Street, Suite 900
Kansas City, Missouri 64108
**Attorney for Jeremiah Johnson**

Sophie Woodworth        KS #21754
Holman Schiavone, LLC
4600 Madison Avenue, Suite 810
Kansas City, Missouri 64112
**Attorney for Lauren Spalsbury**

Respectfully submitted,

Christopher J. Carpenter        KS #16364
Tracy M. Hayes        KS #23119
Sanders, Warren & Russell LLP
9401 Indian Creek Parkway, Suite 1250
Overland Park, Kansas 66210
Phone: (913)234-6100
Facsimile: (913)234-6199
Email: cj.carpenter@swrllp.com
Email: t.hayes@swrllp.com

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and accurate copy of the foregoing was forwarded on the 18th day of December, 2012, by first class mail, postage prepaid to the following:

Richard T. Merker
Wallace Saunders Austin Brown & Enochs, Chtd.
2300 Main Street, Suite 900
Kansas City, Missouri 64108
Phone: 913-888-1000
Facsimile: 913-888-1065
**Attorney for Jeremiah Johnson**

Sophie Woodworth        KS #21754
Holman Schiavone, LLC
4600 Madison Avenue, Suite 810
Kansas City, Missouri 64112
Phone:  816-283-8738
Fax:  816-283-8739
Email: swoodworth@hslawllc.com
**Attorney for Lauren Spalsbury**

_____
Attorney

**IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS**
**CIVIL COURT DEPARTMENT**

Case Filed _11/14/12_

_Contract_

MID-CENTURY INSURANCE CO )
                          )
     Plaintiffs,          )
                          )
v.                        )     Case No. 12CV8860
                          )     Division 7
                          )
JEREMIAH JOHNSON          )           _on calendar_
                          )              _Ats_
     Defendants.          )

## CASE MANAGEMENT ORDER

Now on this __1st__ day of __March__, 2013, after review of the court file
and consultation with counsel, the Court enters the following orders and deadlines
which will govern the discovery in this case:

### TRIAL SETTING:

This case has been set for trial (to a jury) (to the court) beginning the
__28th__ day of __October__, 2013, at __9:00am__ The estimated
length of trial is __2__ days. _____ up.

2.   **FINAL TRIAL CONFERENCE:** A Final Trial Conference shall be
held on the _____ day of _____, 2013, at _____.

3.     **PRE-TRIAL CONFERENCE:** A Pre-Trial Conference shall be held on the 12ᵗʰ day of September, 2013, at 1:30pm. The parties must comply with Johnson County District Court Local Rule 13. (if you submit an AGREED pre-trial order, contact Administrative Assistant to have hearing taken off calendar, after you have mailed it in to the Court. If you cannot come up with an agreed pre-trial order, all counsel will need to make a personal appearance & bring their version of a pre-trial order)

4.     **DISCOVERY DEADLINE:** All discovery in this case shall be completed on or before the 6ᵗʰ day of September 2013. No written discovery may be served by any party after the 6ᵗʰ day of August, 2013, absent agreement of the parties or order of this Court.

5     **PRELIMINARY WITNESS AND EXHIBIT LIST:** The parties shall file and serve on all other parties, a preliminary list of witnesses and exhibits on or before the 1 sᵗ day of August, 2013. Any witness known to a party as of this deadline who may be reasonably anticipated to be called as a witness and who is not listed may be excluded at trial. Similarly, exhibits that are not listed that are known to a party as of this deadline may be excluded at trial.

6.   **EXPERT WITNESSES:** *party with an affirmative claim*

A.   The ~~plaintiff(s)~~ must file and serve on all other parties, a designation of expert witnesses on or before the *10th* day of *April*, 2013.  Such designation must include the name and business address of each expert witness.  In addition, the designation must state the subject matter on which each designated expert is expected to testify, the substance of the facts and opinions of the expert and a summary of the grounds for each opinion. *party defending an affirmative claim*

B.   The ~~defendant(s)~~ must file and serve on all other parties, a designation of expert witnesses on or before the *7th* day of *June* 2013.  Such designation must include the name and business address of each expert witness.  In addition, the designation must state the subject matter on which each designated expert is expected to testify, the substance of the facts and opinions of the expert and a summary of the grounds for each opinion.

C.   Any party who has an objection to the form of another party's expert designation, must file such objection with the Court within ten (10) days of receipt of such expert designation.  If the objection is not timely filed, it is waived.  The parties are mutually responsible for contacting the Court to set a hearing on the objection.

7.   **MOTIONS TO AMEND**:   Any motions to amend the pleadings must be filed on or before the _22nd_ day of ___March___, 2013.

8.   **MOTIONS**:

A.   Dispositive Motions: Any dispositive motion must be filed no later than the _16th_ day of _Sept._, 2013.  Such motion and any response thereto, must be in compliance with Kansas Supreme Court Rule 141, or it will not be considered.

B.   Motions To Compel Discovery: Any motion to compel discovery must be filed within 45 days of the default, service of response, answer or objection that is the subject of the motion.  If the motion is not filed within this time, the motion will not be considered.  Any such motion must recite with particularity, the communications or attempted communications aimed at resolving the discovery dispute prior to the filing of the motion.

C.   Other motions: If a motion is filed, and neither the Kansas Statutes, nor the Kansas Supreme Court Rules clearly set forth a deadline for a response to such motion, the deadline shall be 14 days after service of the motion (not counting weekends or holidays).

4

D.    The parties must comply with Johnson County District Court Local
Rule 8.

E.    **<u>Scheduling motions</u>: Any party who desires a hearing for oral argument on any motion is responsible to contact the Administrative Assistant for Division 7 to schedule such hearing, <u>prior</u> to filing the motion.  See Division 7 Rules.**

9.    **SETTLEMENT CONFERENCE:** The parties shall participate in a settlement conference/mediation prior to the Pre-Trial Conference.  Failure to participate in a settlement conference/mediation prior to the Pre-Trial Conference may result in a dismissal of the case, a dismissal of a parties' claims or defenses, continuance of the trial date, or other sanctions to be determined by the Court.  The parties may schedule a settlement conference/mediation with any other district court judge, any retired district court judge, or any other mediator who may be agreed upon by the parties.  If the parties cannot agree upon a mediator, the Court will appoint one. To schedule a Mediation Hearing with a district court judge, contact Administrative Assistant Jill Boren in Div. 2.

5

10.   **INDEPENDENT MEDICAL EXAMINATION:**   If the defendants wish to conduct an independent medical examination, such examination must be completed, and a report provided to counsel for all other parties, on or before the date defendants' expert witness designations are due.

**ORDERS:** Defendant Spalsbury has until March 18 to file an answer or other responsive motion.

**PLAINTIFF/ PLAINTIFF ATTORNEY:**

Tracy Hayes
_____          _____

_____          _____

**DEFENDANT/ DEFENDANT ATTORNEY:**

Sophie Woodworth
_____          _____
Richard Merker
_____          _____

IT IS SO ORDERED:

Dated: 3/1/13                     _____
                                  David W. Hauber
                                  Judge of the District Court

6

BOX 38

IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
CIVIL COURT DEPARTMENT

MID-CENTURY INSURANCE COMPANY and )
FARMERS INSURANCE EXCHANGE, )
                                           )
                        Plaintiffs,    )
                                           )    Case No. 12CV08860
vs.                                    )
                                         )
JEREMIAH JOHNSON and LAUREN )
SPALSBURY, )
                           )

                        Defendants.

## **ANSWER OF SEPARATE DEFENDANT JEREMIAH JOHNSON**

**COMES NOW** separate Defendant, Jeremiah Johnson, and for his Answer to the Plaintiffs' Petition, states as follows:

1.      Plaintiffs' Petition fails to state a claim upon which relief may be granted.

2.      Any allegation of fact or conclusion of law as set forth in the Plaintiffs' Petition which is not admitted, shall be deemed denied.

3.      The Court lacks jurisdiction over the Defendant, the subject matter of the action and further states that venue is improper.

4.      Any allegation against Co-Defendant, Lauren Spalsbury, which is not admitted shall be denied and, in particular, any suggestion that there is no coverage for the claims of Lauren Spalsbury by the Plaintiffs.

5.      This Defendant is without information to affirm or deny the allegations as set forth in paragraphs 1 and 2, and therefore denies the same.

6.      Defendant admits that at all times relevant, he was and is a resident of the state of Missouri.  The remaining portions of paragraph 3 are denied.

CLERK OF DISTRICT COURT
JOHNSON COUNTY, KS

2013 MAR -1  AM 9: 14

wsabeop0 101275896 v.1

7.     This Defendant is without information to affirm or deny the residence of Defendant Lauren Spalsbury.  This Defendant is without information to affirm or deny the remaining portions of paragraph 4.

8.     Paragraph 5 is denied.

9.     This Defendant denies the portion of the factual background which deals with others who are not a party to this lawsuit, presumably Katie Sellers and Brooke Bashaw.  Said parties cannot and are not allowed to be adjudicated in this cause of action pursuant to K.S.A. § 60-1712.  Any contentions in regard to purported coverage in reference to those parties should be stricken.

10.     It is admitted that the coverage issues in regard to this matter arise out of a lawsuit filed by Defendant Spalsbury and two others against Defendant Johnson in the United States District Court for the District of Kansas.  Defendant further asserts that the "two other Plaintiffs" should be eliminated from this litigation.

11.     In regard to paragraph 7, the Amended Complaint solely is brought on behalf of Spalsbury which in Count I seeks damages for invasion of privacy and Count II outrage.  Both Counts further claim negligence on the part of Defendant Johnson.  The remaining portions of paragraph 7 are denied.

12.     It is admitted that the Defendant Spalsbury claims that she was an employee of Defendant Johnson.  However, this Defendant denies that the incidents in question deal with or are associated with any employment.  The remaining portions of paragraph 8 are denied.

13.     Defendant denies paragraph 9 as alleged.

wsabeop0 101275896 v.1

14.     It is admitted that Defendant Spalsbury claims that she suffered severe emotional distress, mental suffering, shame, humiliation, loss of income, and punitive damages.  The remaining portions of paragraph 10 are irrelevant and should be stricken and are denied.

15.     It is admitted that Defendant Johnson has demanded on numerous occasions indemnity from the Plaintiffs for the claims asserted against him.  It is further admitted that one or both of the Plaintiffs ultimately provided a defense to Defendant Johnson under a reservation of rights, but denies that they gave him any opportunity to refuse the defense under the reservation of rights.  The remaining portions of paragraph 11 are denied.

16.     Defendant admits that Mid-Century issued a homeowners' policy to Jeremiah and Schalie Johnson.   The Defendant denies the remaining portions of paragraphs 12, 13, 14, 15, and those sections attributable to "exclusions."  Defendant further denies paragraphs 16, 17, 18, and 19.

17.     Count I fails to state a claim upon which relief may be granted.

18.     Defendant incorporates by reference his admissions, denials and qualifications as they apply to Count I, paragraph 20, as if set forth more fully in detail.

19.     Defendant denies paragraphs 21, 22, 23, 24, 25, 26, and 27.

20.     Count II fails to state a claim upon which relief may be granted.

21.     Defendant incorporates by reference his admissions, denials and qualifications as they apply to Count II, paragraph 28, as if set forth more fully in detail.

22.     Defendant denies paragraphs 29, 30, 30, 31, and 32.

23.     Count III fails to state a claim upon which relief may be granted.

3

24.     Defendant incorporates by reference his admissions, denials and qualifications as they apply to Count III, paragraph 33, as if set forth more fully in detail.

25.     Defendant denies paragraphs 34, 35, 36, 37, 38, and 39.

26.     Count IV fails to state a claim upon which relief may be granted.

27.     Defendant incorporates by reference his admissions, denials and qualifications as they apply to paragraphs 1 through 39 as if set forth more fully herein and in reference to paragraph 40.

28.     Defendant denies paragraphs 41, 42, 43, and the remaining portions of the Plaintiffs' Petition.

29.     By way of further defense, this Defendant states that any purported attempt on behalf of these insurers to adjudicate the issues of Brooke Bashaw and Katie Sellers should be stricken and eliminated from this action pursuant to K.S.A. § 60-1712.

30.     By way of further defense, this Defendant states that the Plaintiffs' cause of action is barred by the terms and conditions of the policy in question, and by waiver, estoppel, acquiescence, negligence, unfair claims practices, total and indifference to the rights and claims of their insured, bad faith and negligence.

31.     By way of further defense, this Defendant states that indispensible parties to this cause of action must be added if Plaintiffs intend to adjudicate their claims.

WALLACE, SAUNDERS, AUSTIN, BROWN,
& ENOCHS, CHTD.

BY: _____

Richard T. Merker          KS# 07405
10111 West 87th Street
Overland Park, KS 66212
(913) 888-1000 FAX - (913) 888-1065
rmerker@wallacesaunders.com

ATTORNEYS FOR DEFENDANT
JEREMIAH JOHNSON

I hereby certify that the above and foregoing was placed in the U.S. Mail, postage prepaid, on this _____ day of ~~February~~ 2013, to:

Christopher J. Carpenter
Tracy M. Hayes
SANDERS WARREN & RUSSELL LLP
40 Corporate Woods, Suite 1250
9401 Indian Creek Parkway
Overland Park, KS 66210
(913) 234-6100      Fax:   (913) 234-6199
Cj.carpenter@swrllp.com
t.hayes@swrllp.com

ATTORNEYS FOR PLAINTIFFS

Anne Schiavone
Sophie Woodworth
HOLMAN SCHIAVONE, LLC
4600 Madison Avenue, Suite 810
Kansas City, MO 64112
(816) 283-8738      Fax:   (816) 283-8739
aschiavone@hslawllc.com
swoodworth@hslawllc.com

ATTORNEYS FOR DEFENDANT
LAUREN SPALSBURY

_____

For the Firm

5

wsabeop0 101275896 v.1

IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
CIVIL COURT DEPARTMENT

| | | |
|---|---|---|
| MID-CENTURY INSURANCE COMPANY and FARMERS INSURANCE EXCHANGE, | ) ) | |
| | ) | |
| Plaintiffs, | ) | Case No.  12CV08860 |
| | ) | |
| v. | ) | Division 7 |
| | ) | |
| JEREMIAH JOHNSON and LAUREN SPALSBURY, | ) ) | K.S.A. Chapter 60 |
| | ) | |
| Defendants. | ) | |

## DEFENDANT LAUREN SPALSBURY'S MOTION TO DISMISS PLAINTIFFS' PETITION FOR DECLARATORY ACTION

COMES NOW defendant Lauren Spalsbury, through counsel, and hereby moves this Court, pursuant to K.S.A. 60-212(b)(6) and 60-1712, for its order dismissing Plaintiffs' Petition for Declaratory Judgment filed on November 14, 2012.  Defendant has filed an accompanying Memorandum in support of this motion, which is incorporated herein by reference.

## REQUEST FOR ORAL ARGUMENT

Pursuant to Rule 133, Defendant requests oral argument of this motion and accompanying memorandum and argument in support.

WHEREFORE, Defendant respectfully seeks this Court's order dismissing Plaintiffs' Petition for Declaratory Judgment.

HOLMAN SCHIAVONE, LLC

By: _____

Anne Schiavone        KS Bar# 19669
Sophie Woodworth   KS Bar# 21754
4600 Madison Avenue, Suite 810
Kansas City, Missouri 64112
Telephone: 816.283.8738
Facsimile: 816.283.8739
Email: aschiavone@hslawllc.com
Email: swoodworth@hslawllc.com

ATTORNEYS FOR DEFENDANT
LAUREN SPALSBURY

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing document was sent on March 18, 2013, first class mail, postage prepaid, to the following individuals:

Christopher J. Carpenter
Tracy M. Hayes
SANDERS WARREN, et al
40 Corporate Woods, Suite 1250
9401 Indian Creek Parkway
Overland Park, Kansas 66210
ATTORNEYS FOR PLAINTIFFS

Richard T. Merker
WALLACE SAUNDERS, ET AL.
10111 West 87th Street
Overland Park, KS  66212
ATTORNEYS FOR DEFENDANT
JEREMIAH JOHNSON

_____

ATTORNEY FOR DEFENDANT
LAUREN SPALSBURY

2

IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
CIVIL COURT DEPARTMENT

| | | |
|---|---|---|
| MID-CENTURY INSURANCE COMPANY and FARMERS INSURANCE EXCHANGE, | ) ) ) | |
| Plaintiffs, | ) ) | Case No.  12CV08860 |
| v. | ) ) | Division 7 |
| JEREMIAH JOHNSON and LAUREN SPALSBURY, | ) ) ) | K.S.A. Chapter 60 |
| Defendants. | ) ) | |

### MEMORANDUM IN SUPPORT OF
### DEFENDANT'S MOTION TO DISMISS

Defendant Lauren Spalsbury offers the following memorandum and argument in support of her Motion to Dismiss Plaintiffs' Petition for Declaratory Judgment.

### INTRODUCTION

Plaintiffs have brought this declaratory judgment action seeking a determination as to the existence of insurance coverage under certain of Plaintiffs' insurance policies for their insured, Jeremiah Johnson.  The question of coverage apparently arose out of claims made by Defendant Lauren Spalsbury (and others) against Plaintiffs' insured, Jeremiah Johnson, for invasion of privacy and outrage (claims filed in the U.S. District Court of Kansas).  Since the filing of this declaratory relief matter, those [underlying] claims against Jeremiah Johnson by Lauren Spalsbury have been dismissed with prejudice, and therefore, have been resolved and leave nothing for any court to decide with respect to Lauren Spalsbury.  Accordingly, Lauren Spalsbury has no interest which would be affected by the declaration Plaintiff's seek, nor is she a necessary party for the making of such a determination, and thus, the claims against her herein must be dismissed.

## PROCEDURAL BACKGROUND

### Filing of underlying action

In 2011, Lauren Spalsbury, Katie Sellers, and Brook Bashaw filed a cause of action in the U.S. District Court of Kansas against their employer, Jeremiah Johnson. The claims were for invasion of privacy and outrage, to which Johnson filed counterclaims.

### Filing of declaratory action

On November 14, 2012, Plaintiffs Mid-Century Insurance Company and Farmers Insurance Exchange filed the captioned matter in Johnson County, Kansas, District Court against Jeremiah Johnson and Lauren Spalsbury only.

### Dismissal of underlying action

The claims of Katie Sellers and Brooke Bashaw were dismissed with prejudice on November 29, 2012, leaving only the remaining claims of Lauren Spalsbury to be litigated. Having resolved their claims against each other, on March 6, 2013, Lauren Spalsbury and Jeremiah Johnson filed a Joint Stipulation for Dismissal With Prejudice in the U.S. District Court of Kansas. (Exhibit A). Upon such filing, the District Court ordered the dismissal of the case with prejudice. (Exhibit B).

### Pleading of declaratory action

This declaratory action was filed prior to the dismissal of the claims of Sellers and Bashaw, and for reasons unknown to Defendant Spalsbury, Plaintiffs omitted Sellers and Bashaw as named defendants. Despite the absence of Sellers and Bashaw as parties, Plaintiffs nevertheless reference them in the petition and seek declaration regarding them. Specifically, Sellers and Bashaw are referenced as "the other two underlying plaintiffs" (Plaintiff's petition, ppg. 9, 10), and are mentioned by name in Plaintiff's prayer (Plaintiff's

2

petition, ¶ e., pg. 11). In this action, Plaintiffs have submitted policy language to this Court for interpretation and seeking a judicial declaration that there is no coverage for *all* of the claims against Jeremiah Johnson (not only those of Lauren Spalsbury, but also those of Sellers and Bashaw).

### LEGAL AUTHORITIES AND ARGUMENT

Defendant Lauren Spalsbury has no interest in the outcome of the determination as to whether coverage exists on Plaintiff's policies for Jeremiah Johnson, and she is not a necessary party to the action. Lauren Spalsbury has made no claims against Plaintiffs for insurance coverage as listed in their petition (or for anything else). Thus, there simply is no justiciable issue before this Court whereas Lauren Spalsbury is concerned and she should be dismissed as a party from the captioned matter without delay.

A. **Pursuant to K.S.A. 60-1712, Lauren Spalsbury does not have or claim an interest which would be affected by the declaration sought by Plaintiffs**

"When declaratory relief is sought, all persons who have or claim any interest which would be affected by the declaration shall be joined as parties …. " K.S.A. 60-1712. Lauren Spalsbury has made no claim against Mid-Century Insurance Company or Farmers Insurance Exchange. Neither insurer has been involved in the resolution of Lauren Spalsbury's claims against Jeremiah Johnson. Moreover, Lauren Spalsbury's claims were similar, if not identical, to those of Katie Sellers and Brooke Bashaw. Yet inexplicably, neither of these individuals was named as a party in the captioned matter. Indeed, they should not have been made parties to this action, just as Lauren Spalsbury should not now be a party to this action. Therefore, Lauren Spalsbury does not have a claim or interest which would be affected by the declaration sought by Plaintiffs and, thus, is not properly a party in the captioned matter.

**B.**    <u>Lauren Spalsbury is not a necessary party to this litigation</u>

Persons are required to be joined in Kansas litigation if, "[i]n that person's absence, the court cannot accord complete relief among existing parties," (K.S.A. 60–219(a)(A)), or "that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may ... impair or impede the person's ability to protect [her] interest ...." K.S.A. 60–219(a)(B)(i). Lauren Spalsbury is not a necessary party to this litigation because she no longer has claims against Jeremiah Johnson, and more importantly, because she has made no claims against the Plaintiffs in this matter. Nor has any claim been assigned to, or assigned by, Lauren Spalsbury for insurance coverage as referenced by Plaintiffs in their petition. In fact, if Lauren Spalsbury had a claim against these plaintiffs, surely she would have brought the claim already, or she would file an answer in this case and simultaneously raise counterclaims against the Plaintiffs.

It is true that in cases involving claims between and injured person and an insured may result in both being made parties to a declaratory action. And if Lauren Spalsbury's claims against Johnson were still pending, Plaintiff's may have reason to argue that she should remain in the case. But given the dismissal - with prejudice - of claims and counterclaims in the case between Lauren Spalsbury and Jeremiah Johnson, nothing remains in dispute between them. There is no conceivable outcome in the declaratory action which in any way could or may affect Lauren Spalsbury. The purpose of a "declaratory judgment action is to settle **actual** controversies." *Franklin Life Ins. Co. v. Johnson,* 157 F.2d 653, 658 (10th Cir. 1946). There is no "actual" controversy - indeed no controversy at all - between Lauren Spalsbury and Jeremiah Johnson, or between Lauren Spalsbury and the Plaintiffs, and thus, Lauren Spalsbury is not necessary to a determination

4

about coverage in the case between the Plaintiffs and Jeremiah Johnson. Because Lauren Spalsbury has resolved and dismissed her claims against Jeremiah Johnson, she has no interest in this litigation and should be dismissed.

Similarly, see *State Farm Mutual Automobile Insurance Co. v. Mid–Continent Casualty Co.*, 518 F.2d 292, 294 (10th Cir.1975), which held that an automobile lessee was not a necessary party in a declaration judgment action between his own insurer and the lessor's insurer over an accident involving a rental car operated by lessee because the court was able to determine who had primary insurance coverage without the lessee's presence as a party. In the case at bar, there is even more light between Lauren Spalsbury and the Plaintiffs because the insurance coverage issues, if any, involve a dispute between the Plaintiffs and Jeremiah Johnson. They do not involve or affect Lauren Spalsbury in any way.

Moreover, a refusal to make a potential tort claim a part in a lawsuit between an insured and her insurer is not error. *Hershaw v. Farm & City Insur. Co.*, 32 Kan.App.2d 684, 87 P.3d 360 (Kan. App. 2004). Citing K.S.A. 60-219, the Kansas Court of Appeals in *Hershaw* noted the trial court's discretion in determining whether a potential tort claimant was a contingently necessary party, *Id.* at 365, when the only claim at issue was for breach of contract between the insured and insurer. *Id.* "Under these circumstances, joinder of the potential tort claimant in a breach of contract action brought by the insured against her insurance company would not be appropriate and would lead to an additional level of legal complexity, probable delay, and increased litigation costs for the insured." *Id.* Admittedly, *Hershaw* is not a case involving a request for declaratory relief, but as to improper joinder of a potential tort claimant, it remains sounds, especially where, as in the present case, there is no pending claim against the insured by the potential tort claimant.

5

WHEREFORE, Defendant Lauren Spalsbury respectfully seeks immediate dismissal of Plaintiff's Petition for Declaratory Judgment, attorneys' fees, and such other relief as this Court deems appropriate.

HOLMAN SCHIAVONE, LLC

By:

Anne Schiavone     KS Bar# 19669
Sophie Woodworth   KS Bar# 21754
4600 Madison Avenue, Suite 810
Kansas City, Missouri 64112
Telephone: 816.283.8738
Facsimile: 816.283.8739
Email: aschiavone@hslawllc.com
Email: swoodworth@hslawllc.com

ATTORNEYS FOR DEFENDANT
LAUREN SPALSBURY

6

## CERTIFICATE OF SERVICE

A true and accurate copy of the foregoing was sent on March 18, 2013, by electronic mail and first class mail, postage prepaid, to the following individuals:

Christopher J. Carpenter
Tracy M. Hayes
SANDERS WARREN, et al
40 Corporate Woods, Suite 1250
9401 Indian Creek Parkway
Overland Park, Kansas 66210
ATTORNEYS FOR PLAINTIFFS

Richard T. Merker
WALLACE SAUNDERS, ET AL.
10111 West 87th Street
Overland Park, KS 66212
ATTORNEYS FOR DEFENDANT
JEREMIAH JOHNSON

ATTORNEY FOR DEFENDANT
LAUREN SPALSBURY

7

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BROOKE BASHAW, KATIE SELLERS and )
LAUREN SPALSBURY, )
                                  )
          Plaintiffs/Counterclaim Defendants, )
                                  )
vs.                               )   Case No: 11-CV-2693-JWL/JPO
                                  )
JEREMIAH JOHNSON,                 )
                                  )
          Defendant/Counterclaim Plaintiff. )
                                  )

## JOINT STIPULATION FOR DISMISSAL WITH PREJUDICE

**COMES NOW** Plaintiff, Lauren Spalsbury, by and through her attorneys of record, and Defendant, Jeremiah Johnson, by and through his attorney of record, and moves the Court to enter an Order dismissing with prejudice the claims of the Plaintiff, Lauren Spalsbury, against Defendant, Jeremiah Johnson, as set forth in the Amended Complaint and further dismissing with prejudice the Counterclaim of Defendant, Jeremiah Johnson, against Lauren Spalsbury. The stipulation is with dismissal with each party to pay their own Court costs and attorneys' fees.

**WHEREFORE**, Plaintiff, Lauren Spalsbury, and Defendant, Jeremiah Johnson, moves the Court to enter Orders consistent with the requests listed above.



EXHIBIT
A

Submitted by:

HOLMAN SCHIAVONE, LLC

By _____ /s/ Anne Schiavone_____
    Anne Schiavone      KS# 19669
    Sophie Woodworth    KS#19558
    4600 Madison Avenue, Suite 810
    Kansas City, MO 64112
    aschiavone@hslawllc.com
    swoodworth@hslawllc.com
    (816) 283-8738   Fax:  (816) 283-8739

ATTORNEYS FOR PLAINTIFF LAUREN
SPALSBURY

WALLACE, SAUNDERS, AUSTIN,
BROWN AND ENOCHS, CHARTERED

By _____ /s/ Richard T. Merker_____
    Richard T. Merker     KS# 07405
    rmerker@wallacesaunders.com
    10111 West 87th Street
    Overland Park, KS 66212
    913-888-1000    Fax - 913-888-1065

ATTORNEYS FOR DEFENDANT
JEREMIAH JOHNSON

McCAUSLAND BARRETT & BARTALOS
P.C.

By _____ /s/ Mark D. Chuning_____
    Mark D. Chuning      KS# 20882
    Michael E. McCausland   MO# 29950
    9233 Ward Parkway, Suite 270
    Kansas City, MO 64114
    mmccausland@mbblawfirmkc.com
    mchuning@mbblawfirmkc.com
    (816) 523-3000  Fax:  (816) 523-1588

ATTORNEYS FOR DEFENDANT
JEREMIAH JOHNSON

2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BROOKE BASHAW, KATIE SELLERS and  )
LAUREN SPALSBURY,  )
                 )
      Plaintiffs/Counterclaim Defendants,  )
                 )
vs.  )   Case No: 11-CV-2693-JWL/JPO
                 )
JEREMIAH JOHNSON,  )
                 )
      Defendant/Counterclaim Plaintiff.  )
                 )

## ORDER OF DISMISSAL WITH PREJUDICE

The Court has been presented with the Joint Stipulation of Plaintiff, Lauren Spalsbury, and Defendant, Jeremiah Johnson, requesting that the claims of Lauren Spalsbury  and the Counterclaim of Jeremiah Johnson, each against the other, be dismissed with prejudice.  The parties further request that the dismissal be with each party to pay their own Court costs and attorneys' fees.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that the claims of Lauren Spalsbury against Jeremiah Johnson, and the claims of Jeremiah Johnson in his Counterclaim against Lauren Spalsbury are dismissed with prejudice with each party to pay their own Court costs and attorneys' fees.

Dated this 8th day of March, 2013.

                                   s/ John W. Lungstrum
                                   United States District Court Judge



EXHIBIT
B

Approved by:

HOLMAN SCHIAVONE, LLC


By _____ /s/ Anne Schiavone _____
    Anne Schiavone        KS# 19669
    Sophie Woodworth     KS#19558
    4600 Madison Avenue, Suite 810
    Kansas City, MO 64112
    aschiavone@hslawllc.com
    swoodworth@hslawllc.com
    (816) 283-8738   Fax:  (816) 283-8739

ATTORNEYS FOR PLAINTIFF LAUREN

SPALSBURY


WALLACE, SAUNDERS, AUSTIN,
BROWN AND ENOCHS, CHARTERED


By _____ /s/ Richard T. Merker _____
    Richard T. Merker      KS# 07405
    rmerker@wallacesaunders.com
    10111 West 87th Street
    Overland Park, KS 66212
    913-888-1000    Fax - 913-888-1065

McCAUSLAND BARRETT & BARTALOS
P.C.


By _____ /s/ Mark D. Chuning _____
    Mark D. Chuning       KS# 20882
    Michael E. McCausland    MO# 29950
    9233 Ward Parkway, Suite 270
    Kansas City, MO 64114
    mmccausland@mbblawfirmkc.com
    mchuning@mbblawfirmkc.com
    (816) 523-3000 Fax:  (816) 523-1588

ATTORNEYS FOR DEFENDANT JEREMIAH
JOHNSON

12CV08860
Div 7

## IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
## CIVIL COURT DEPARTMENT

| | |
|---|---|
| MID-CENTURY INSURANCE COMPANY, et al, | ) ) ) |
| Plaintiffs | ) )   Case No. 12-CV-08860 |
| v. | ) )   Division 7 |
| JEREMIAH JOHNSON, et al, | ) )   **HEARING:   April 1, 2013,** |
| Defendants | )       **at 9:30 a.m.** ) |

## MOTION FOR LEAVE TO FILE AMENDED PETITION FOR DECLARATORY JUDGMENT AND MEMORANDUM IN SUPPORT THEREOF

COMES NOW Plaintiffs Mid-Century Insurance Company and Farmers Insurance Exchange, by and through counsel, and pursuant to K.S.A. 60-215(a)(2), moves for an Order from the court for leave to file their Amended Petition for Declaratory Judgment. In further support of this Motion, Plaintiffs state as follows:

1.     This is a declaratory judgment action to determine whether Plaintiffs owe a duty to defend and/or indemnify Defendant Jeremiah Johnson in litigation brought against him by three individuals.

2.     During the case management conference in this matter, Defendants noted some errors in the original Petition. Further, Defendant Johnson has questioned the venue and jurisdiction of this Court to hear this matter.

3.     Plaintiffs move for leave to file an amended petition to address the concerns of the Defendants, this includes additional citation to venue statutes in paragraph 5 and the clarification of what relief is being requested in this matter. Pursuant to the Court's Scheduling Order, the deadline to file a motion for leave to amend is March 22, 2013.

*Clerk of the District Court, Johnson County Kansas*
*03/19/13  02:48pm DL*

1

4.      Pursuant to K.S.A. § 60-215(a), a party must obtain either leave of Court or written consent from their adversary before filing an amended pleading beyond 21 days after the original pleading was filed.  Section 60-215(a)(2) holds that leave of Court shall be freely given when justice so requires.  Here, Defendants will not be prejudiced by the Court granting leave to file an Amended Petition as this action has just begun and no discovery has been conducted to date.

5.      On the other hand, Plaintiffs will be prejudiced if the amendment is not permitted as Defendants have already indicated that a Motion to Dismiss will be filed on these issues.  The proposed Amended Petition for Declaratory Judgment is attached hereto as Exhibit A.

WHEREFORE, Plaintiffs respectfully request an Order from this Court granting their Motion for Leave to File an Amended Petition for Declaratory Judgment.

Respectfully submitted,

/s/ Christopher J Carpenter

_____
Christopher J Carpenter       KS #16364
Tracy M. Hayes                KS #23119
SANDERS WARREN & RUSSELL LLP
40 Corporate Woods, Suite 1250
9401 Indian Creek Parkway
Overland Park, Kansas  66210
Telephone:     (913) 234-6100
Facsimile:     (913) 234-6199
Email: cj.carpenter@swrllp.com
        t.hayes@swrllp.com
ATTORNEYS FOR PLAINTIFF MID-CENTURY
INSURANCE   COMPANY   AND   FARMERS
INSURANCE EXCHANGE

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and accurate copy of the foregoing was forwarded on the 19th day of March, 2013, by first class mail, postage prepaid to the following:

Richard T. Merker
Wallace Saunders Austin Brown & Enochs, Chtd.
2300 Main Street, Suite 900
Kansas City, Missouri 64108
Phone: 913-888-1000
Facsimile: 913-888-1065
**Attorney for Jeremiah Johnson**

Sophie Woodworth       KS #21754
Holman Schiavone, LLC
4600 Madison Avenue, Suite 810
Kansas City, Missouri 64112
Phone: 816-283-8738
Fax: 816-283-8739
Email: swoodworth@hslawllc.com
**Attorney for Lauren Spalsbury**

Chamber copy to:

> The Honorable David W. Hauber
> Johnson County Courthouse, Division 7
> 100 N. Kansas Avenue
> Olathe, Kansas 66061

*/s/ Christopher J Carpenter*

_____
Attorney

IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
CIVIL COURT DEPARTMENT

MID-CENTURY INSURANCE          )
COMPANY, et al,                )
                               )
          Plaintiffs           )          Case No. 12-CV-08860
                               )
     v.                        )          Division 7
                               )
JEREMIAH JOHNSON, et al,       )
                               )
          Defendants           )

## AMENDED PETITION FOR DECLARATORY JUDGMENT

Plaintiffs Mid-Century Insurance Company and Farmers Insurance Exchange, by and through counsel, and for their Amended Petition for Declaratory Judgment state the following:

1.    Plaintiff Mid-Century Insurance Company ("Mid-Century") is a stock insurance company incorporated in the state of California with its principal place of business in the state of California.

2.    Plaintiff Farmers Insurance Exchange ("Farmers") is a reciprocal insurance exchange authorized to do business and doing business in the states of Missouri and Kansas.

3.    Defendant Jeremiah Johnson is a resident of Missouri. All the actions Defendant Johnson has demanded coverage for occurred in the state of Kansas. This Court has subject matter jurisdiction and personal jurisdiction over defendant Johnson in this matter based on K.S.A. §§ 60-1701 and 60-308(b).

4.    Defendant Lauren Spalsbury is a resident of Johnson County, Kansas, and therefore this Court has jurisdiction pursuant to K.S.A. § 60-1701.

5.    Venue is proper in this district pursuant to K.S.A. §§ 60-603, 60-605, and 60-608 as at least one named defendant resides in Johnson County, Kansas against whom a substantial



EXHIBIT

A

Clerk of the District Court, Johnson County Kansas
03/19/13  02:48pm DL

claim exists. Further, this Court has venue over this matter as it involves a non-resident and pursuant K.S.A. § 60-605(1), (3), and (4), as at least one Plaintiff maintains a place of business in Johnson County, Kansas, the cause of action arose in Johnson County, Kansas, and Defendant Johnson was transacting business in Johnson County, Kansas, at the time of the filing of the petition.

## FACTUAL BACKGROUND

6.      This action for declaratory judgment arises out of a lawsuit filed by Defendant Spalsbury and two other plaintiffs not named herein against Defendant Johnson in the United States District Court for the District of Kansas, case number 11-cv-2693 ("underlying case").

7.      In the underlying case, Defendant Spalsbury and the other underlying plaintiffs alleged three claims against Defendant Johnson for invasion of privacy, outrage, and breach of fiduciary duty.

8.      Defendant Spalsbury and the other underlying plaintiffs alleged that they were employees of Defendant Johnson in his law office in Olathe, Kansas.

9.      Defendant Spalsbury and the other underlying plaintiffs alleged that during the course and scope of their employment as employees at the law office of Defendant Johnson, on a number of occasions prior to and including June 2, 2011, Defendant Johnson placed cameras in such a position that photographs and/or video were taken of the Defendant Spalsbury's and two other employees' legs, lower torso, and between their legs.

10.      In the underlying case, Defendant Spalsbury and the other underlying plaintiffs claimed damages for severe emotional distress, mental suffering, shame, humiliation, loss of income, and punitive damages.

11.    Defendant Johnson has demanded indemnity coverage from Plaintiffs for the claims asserted against him in the underlying lawsuit.  Plaintiffs have provided defendant Johnson a defense of the underlying lawsuit pursuant to reservation of rights, and defendant Johnson has accepted the reservation of rights defense.

## THE HOMEOWNERS' POLICY

12.    Plaintiff Mid-Century issued a homeowners' policy to Jeremiah and Schalie Johnson for the policy period of December 29, 2010 to December 29, 2011, policy number 92269-36-46 ("homeowners' policy").

13.    The homeowners' policy provides the following relevant language:

### SECTION II – LIABILITY

**Coverages**
**Coverage E – Personal Liability**

We will pay those damages which an **insured** becomes legally obligated to pay because of **bodily injury, property damage** or **personal injury** resulting from an **occurrence** to which this coverage applies.  Personal injury means any injury arising from:

(1) false arrest, imprisonment, malicious prosecution and detention.

(2) the wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, home, or premises that a person occupies when committed by or on behalf of its owner, landlord, or lessor. [As amended by endorsement E6008]

(3) libel, slander, defamation of character.

(4) discrimination because of race, color, religion or national origin. [As amended by endorsement E6008]

At our expense and with attorneys of our choice, we will defend an **insured** against any covered claim or suit.  We are not obligated to pay defense costs, including attorneys' fees of any claim or suit where you select an attorney not chosen by us because there is a dispute between you and us over coverage.  We may investigate and settle any claim or suit that

we consider proper.  Our obligation to defend any claim or suit ends once we have paid our limit of liability.

\*\*\*\*

14.    The homeowners' policy provides the following relevant definitions:

**DEFINITIONS**

Throughout this policy, "you" and "your" mean the "named insured" shown in the Declarations and spouse if a resident of the same household. "We," "us" and "our" mean the Company named in the Declarations which provides this insurance.  In addition, certain words appear in bold type.  They are defined as follows:

\*\*\*\*

4.    **Bodily injury** – means bodily harm, sickness or disease, including care, loss of services and death resulting from that injury.

5.    **Business** – means any full or part-time trade, profession or occupation.

\*\*\*\*

15.    **Occurrence** – means an accident including exposure to conditions which results during the policy period in **bodily injury** or **property damage**.  Repeated or continuous exposure to the same general conditions is considered to be one **occurrence**.

**Occurrence** does not include accidents or events which take place during the policy period which do not result in **bodily injury** or **property damage** until after the policy period.

\*\*\*\*

15.    The homeowners' policy provides the following relevant exclusions:

**SECTION II – EXCLUSIONS**

**Applying to Coverage E – Personal Liability**

We do not cover:

1. Liability of an **insured** assumed under any contract or agreement relating to a **business** of an **insured**.  Liability of **persons** other

than an **insured** assumed under any contract or agreement, whether **business** or non-business, is not covered.   Liability of any agreement between an **insured** and a corporation or association of property owners is not covered except as provided under Loss Assessment Coverage.

2. Punitive or exemplary damages or the cost of defense related to such damages.

    ****

6. Personal injury caused by a violation of penal law or ordinance committed by or with the knowledge or consent of any **insured**.

7. Personal injury sustained by any **person** as a result of an offense directly or indirectly related to the employment of this **person** by the **insured**.

    ****

**Applying to Coverage E and F – Personal Liability and Medical Payment to Others**

We do not cover **bodily injury, property damage** or personal injury which:

1. arises from or during the course of **business** pursuits of an **insured**.

    ****

3. is either:

    a. caused intentionally by or at the direction of an **insured**; or

    b. results from any **occurrence** caused by an intentional act of any insured where the results were reasonably foreseeable.

****

## THE UMBRELLA POLICY

16. Plaintiff Farmers issued an umbrella policy to Jeremiah and Schalie Johnson for the policy period of June 12, 2010 to June 12, 2011, policy number 604554424 ("umbrella policy").

*Clerk of the District Court, Johnson County Kansas*
*03/19/13  02:48pm DL*

17.    The umbrella policy provides the following relevant language:

**AGREEMENT**

We shall provide the insurance described in this policy for the coverages and the limits of liability shown in the Declarations of this policy.    In return you will pay the premium and comply with policy conditions.

\*\*\*\*

**PART II -- COVERAGE**

If a claim is made anywhere in the world against an **insured**, we will, subject to definitions, exclusions, terms and conditions of this insurance, pay damages caused by an **occurrence** in excess of the **retained limit** on the **insured**'s behalf.   The amount of **damages** we pay will not exceed our Limit of Liability as explained in "Part IV -- Limits of Liability."   **We** will defend any **insured** for any claim or suit that is covered by this insurance but not covered by other insurance as described in "Part VI -- Defenses of Suits Not Covered By Other Insurance."   If a claim or suit is made for **damages** excluded from coverage under this policy, **we** have no obligation to defend such claim or suit.

\*\*\*\*

18.    The umbrella policy provides the following relevant definitions:

**PART I -- DEFINITIONS**

In this policy, "you" and "your" mean the "named insured" in the Declarations and spouse if a resident of your household.  "We," "us" and "our" mean the FARMERS INSURANCE EXCHANGE.

Other words are defined as follows:

\*\*\*\*

3.    **Bodily Injury** -- means bodily harm to, sickness or disease of any person.   This includes death, shock, mental anguish or mental injury that result from such bodily harm, sickness or disease.

4.    **Business** -- means any part-time or full-time trade, profession or occupation.

5.    **Business property** -- means:

\*\*\*\*

     c.  property, including personal property and **real property**, with which a **business** is conducted; or

     d.  property rented or held for rental, in whole or in part, to others.

6.    **Damages** – means the total of damages that the **insured** must pay (legally or by agreement with our written consent) because of **bodily injury, personal injury** or **property damage** caused by an **occurrence** covered by this policy, and reasonable expenses incurred by the insured at our request.

\*\*\*\*

19.    The umbrella policy provides the following relevant exclusions:

**PART III – EXCLUSIONS**

We do not cover **damages:**

\*\*\*\*

4.    Either expected or intended from the standpoint of an **insured.** This exclusion does not apply to **damages** for **bodily injury** if such **insured** acted with reasonable force to protect persons or property.

5.    Arising out of **business** or **business property** of an **insured** unless covered by **underlying insurance** described in the Declarations.  Our coverage is no broader than the **underlying insurance**, except for our Limit of Liability.

\*\*\*\*

8.    Due to discrimination in any way connected with a violation of any State, Federal or local governmental Civil Rights law.

\*\*\*\*

17.    Arising out of corporal punishment, molestation or abuse of any person by any:

     a.  **insured;**

     b.  employee of any **insured**; or

     c.  person performing volunteer services by or on behalf of any **insured**, person for hire, or any other person who is acting or who appears to be acting on behalf of any **insured**.

\*\*\*\*

29.   Which are punitive or exemplary.

\*\*\*\*

## COUNT I
## NO COVERAGE UNDER HOMEOWNERS POLICY FOR CLAIMS ALLEGED

20.   Plaintiff incorporates paragraphs 1 through 19 of this Petition herein.

21.   The actions alleged in the underlying case do not meet the definition of a "personal injury" under the terms of the policy.

22.   The actions alleged in the underlying case do not meet the definition of an "occurrence" under the terms of the policy.

23.   The actions alleged in the underlying case are excluded from coverage as the actions alleged relate to a business of the insured or arise from or during the course of business pursuits of Defendant Johnson.

24.   The actions alleged in the underlying case are excluded as the injuries alleged result directly or indirectly from the employment of defendant Spalsbury and the other two underlying plaintiffs by Defendant Johnson

25.   The actions alleged in the underlying case are excluded from coverage as the actions alleged are a violation of penal law or ordinance committed by or with the knowledge or consent of Defendant Johnson.

26.   The actions alleged in the underlying case are excluded from coverage as the actions alleged were caused intentionally by or at the direction of Defendant Johnson or were caused by an intentional act of Defendant Johnson and the results were reasonably foreseeable.

27.    There is therefore no coverage under the homeowners' policy for the claim asserted by defendant Spalsbury and the other two underlying plaintiffs.

## COUNT II
## NO COVERAGE UNDER HOMEOWNERS POLICY FOR DAMAGES ALLEGED

28.    Plaintiff incorporates paragraphs 1 through 27 of this Petition herein.

29.    The injuries and damages alleged in the underlying case do not meet the definition of a "bodily injury" under the terms of the policy.

30.    In the underlying case, Defendant Spalsbury and the other two underlying plaintiffs have pled punitive damages that are excluded from coverage under the terms of the policy.

31.    In the underlying case, Defendant Spalsbury and the other two underlying plaintiffs have requested damages that are not damages for "bodily injury" or "property damage" within the meaning of those terms under the homeowners policy or applicable law.

32.    There is therefore no coverage under the homeowners' policy for the damages asserted by defendant Spalsbury and the other two underlying plaintiffs.

## COUNT III
## NO COVERAGE UNDER UMBRELLA POLICY FOR CLAIMS ALLEGED

33.    Plaintiff incorporates paragraphs 1 through 32 of this Petition herein.

34.    The actions alleged in the underlying case were either expected or intended from the standpoint of Defendant Johnson.

35.    The actions alleged in the underlying case arise out of business of an insured which is not covered by the underlying homeowners' insurance as detailed above.

36.    The acts and omissions alleged in the underlying case do not constitute an "occurrence" as that term is used in the umbrella and applicable law.

*Clerk of the District Court, Johnson County Kansas*
*03/19/13  02:48pm DL*

9

37.     The actions alleged in the underlying case are excluded from coverage as due to discrimination in any way connected with a violation of any State, Federal or local governmental Civil Rights law the actions alleged are a violation of penal law or ordinance committed by or with the knowledge or consent of Defendant Johnson.

38.     The actions alleged in the underlying case are excluded from coverage as the actions alleged arose from molestation or abuse of any person by Defendant Johnson.

39.     There is therefore no coverage under the umbrella policy for the claim asserted by defendant Spalsbury and the other two underlying plaintiffs.

**COUNT IV**
**NO COVERAGE UNDER UMBRELLA POLICY FOR DAMAGES ALLEGED**

40.     Plaintiff incorporates paragraphs 1 through 39 of this Petition herein.

41.     The injuries and damages alleged in the underlying case do not meet the definition of a "bodily injury" under the terms of the policy.

42.     In the underlying case, Defendant Spalsbury and the other two underlying plaintiffs have pled punitive damages that are excluded from coverage under the terms of the policy.

43.     There is therefore no coverage under the umbrella policy for the damages asserted by defendant Spalsbury or the other two plaintiffs in the underlying case.

WHEREFORE, Plaintiffs Mid-Century Insurance Company and Farmers Insurance Exchange request a declaratory judgment in this matter declaring the following:

        a.  That there is no indemnity coverage under the homeowners' policy for Defendant Johnson for the claims alleged in the underlying case;

        b.  That there is no indemnity coverage under the homeowners' policy for the claims asserted by Defendant Spalsbury in the underlying case;

*Clerk of the District Court, Johnson County Kansas*
*03/19/13  02:48pm DL*

c.  That there is no indemnity coverage under the homeowners' policy for Defendant Johnson for the damages alleged in the underlying case;

d.  That there is no indemnity coverage under the homeowners' policy for the damages asserted by Defendant Spalsbury in the underlying case;

e.  That there is no indemnity coverage under the umbrella policy for Defendant Johnson for the damages alleged in the underlying case;

f.  That there is no indemnity coverage under the umbrella policy for the claims asserted by Defendant Spalsbury in the underlying case;

g.  That there is no indemnity coverage under the umbrella policy for Defendant Johnson for the damages alleged in the underlying case;

h.  That there is no indemnity coverage under the umbrella policy for the damages asserted by Defendant Spalsbury in the underlying case

i.  Plaintiffs have no duty to defend nor indemnify Defendant Johnson for the claims and damages alleged in the underlying case; and

j.  Such other and further relief as the Court deems just.

Respectfully submitted,

*/s/ Christopher J Carpenter*

Christopher J Carpenter        KS #16364
Tracy M. Hayes                KS #23119
SANDERS WARREN & RUSSELL LLP
40 Corporate Woods, Suite 1250
9401 Indian Creek Parkway
Overland Park, Kansas 66210
Telephone:    (913) 234-6100
Facsimile:     (913) 234-6199
Email: cj.carpenter@swrllp.com
        t.hayes@swrllp.com

*Clerk of the District Court, Johnson County Kansas*
*03/19/13 02:48pm DL*

11

ATTORNEYS FOR PLAINTIFF MID-CENTURY
INSURANCE COMPANY AND FARMERS
INSURANCE EXCHANGE

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and accurate copy of the foregoing was forwarded on the 19th day of March, 2013, by first class mail, postage prepaid to the following:

Richard T. Merker
Wallace Saunders Austin Brown & Enochs, Chtd.
2300 Main Street, Suite 900
Kansas City, Missouri 64108
Phone: 913-888-1000
Facsimile: 913-888-1065
**Attorney for Jeremiah Johnson**

Sophie Woodworth        KS #21754
Holman Schiavone, LLC
4600 Madison Avenue, Suite 810
Kansas City, Missouri 64112
Phone: 816-283-8738
Fax: 816-283-8739
Email: swoodworth@hslawllc.com
**Attorney for Lauren Spalsbury**

*/s/ Christopher J Carpenter*

_____
Attorney

12

12CV08860
Div 7

# IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
## CIVIL COURT DEPARTMENT

MID-CENTURY INSURANCE       )
COMPANY, et al,             )
                            )
          Plaintiffs        )        Case No. 12-CV-08860
                            )
     v.                     )        Division 7
                            )
JEREMIAH JOHNSON, et al,    )
                            )
          Defendants        )

*on calendar bes*

## NOTICE OF HEARING

Please take notice that Plaintiffs will call up for hearing their Motion for Leave to File Amended Petition for Declaratory Judgment on Monday, April 1, at 9:30 a.m. in Division 7 before The Honorable David W. Hauber, or as soon thereafter as counsel may be heard.

Respectfully submitted,

*/s/ Christopher J Carpenter*

Christopher J Carpenter      KS #16364
Tracy M. Hayes              KS #23119
SANDERS WARREN & RUSSELL LLP
40 Corporate Woods, Suite 1250
9401 Indian Creek Parkway
Overland Park, Kansas 66210
Telephone:    (913) 234-6100
Facsimile:    (913) 234-6199
Email: cj.carpenter@swrllp.com
       t.hayes@swrllp.com
ATTORNEYS FOR PLAINTIFF MID-CENTURY
INSURANCE   COMPANY   AND   FARMERS
INSURANCE EXCHANGE

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and accurate copy of the foregoing was forwarded on the 19th day of March, 2013, by first class mail, postage prepaid to the following:

Richard T. Merker
Wallace Saunders Austin Brown & Enochs, Chtd.
2300 Main Street, Suite 900
Kansas City, Missouri 64108
Phone: 913-888-1000
Facsimile: 913-888-1065
**Attorney for Jeremiah Johnson**

Sophie Woodworth      KS #21754
Holman Schiavone, LLC
4600 Madison Avenue, Suite 810
Kansas City, Missouri 64112
Phone: 816-283-8738
Fax: 816-283-8739
Email: swoodworth@hslawllc.com
**Attorney for Lauren Spalsbury**

*/s/ Christopher J Carpenter*

_____

Attorney

2

**IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS**
**CIVIL COURT DEPARTMENT**

|  |  |  |
|---|---|---|
| MID-CENTURY INSURANCE COMPANY and | ) | |
| FARMERS INSURANCE EXCHANGE, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No.  12CV08860 |
| | ) | |
| v. | ) | Division 7 |
| | ) | |
| JEREMIAH JOHNSON and | ) | K.S.A. Chapter 60 |
| LAUREN SPALSBURY, | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF HEARING

**PLEASE TAKE NOTICE** that Lauren Spalsbury will call up for hearing her

Motion to Dismiss on Monday, April 1, 2013, at 9:30 a.m. in Division 7 before the

Honorable David Hauber, or as soon thereafter as Defendant may be heard.

HOLMAN SCHIAVONE, LLC

By:___*Sophie Woodworth*_____
Anne Schiavone       KS Bar# 19669
Sophie Woodworth  KS Bar# 21754
4600 Madison Avenue, Suite 810
Kansas City, Missouri 64112
Telephone: 816.283.8738
Facsimile: 816.283.8739
Email: aschiavone@hslawllc.com
Email: swoodworth@hslawllc.com

ATTORNEYS FOR DEFENDANT
LAUREN SPALSBURY

## CERTIFICATE OF SERVICE

A copy of the foregoing document was sent on March 21, 2013, first class mail, postage prepaid, to the following individuals:

Christopher J. Carpenter
Tracy M. Hayes
SANDERS WARREN, et al
40 Corporate Woods, Suite 1250
9401 Indian Creek Parkway
Overland Park, Kansas 66210
ATTORNEYS FOR PLAINTIFFS

Richard T. Merker
WALLACE SAUNDERS, ET AL.
10111 West 87th Street
Overland Park, KS  66212
ATTORNEYS FOR DEFENDANT
JEREMIAH JOHNSON


*Sophie Woodworth*
ATTORNEY FOR DEFENDANT
LAUREN SPALSBURY

2

IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
CIVIL COURT DEPARTMENT

| | | |
|---|---|---|
| MID-CENTURY INSURANCE COMPANY, et al, | ) ) ) | |
| Plaintiffs | ) ) | Case No. 12-CV-08860 |
| v. | ) ) | Division 7 |
| JEREMIAH JOHNSON, et al, | ) ) ) | |
| Defendants | ) | |

E-Filed
3/27/13 FES

### DISMISSAL WITHOUT PREJUDICE

Plaintiffs, by and through counsel, pursuant to K.S.A. §60-241(a)(1) dismiss defendant

Lauren Spalsbury from this action without prejudice.

Respectfully submitted,

*/s/ Christopher J Carpenter*

Christopher J Carpenter       KS #16364
Tracy M. Hayes                KS #23119
Sanders, Warren & Russell LLP
9401 Indian Creek Parkway, Suite 1250
Overland Park, Kansas 66210
Phone: (913)234-6100
Facsimile:  (913)234-6199
Email:  cj.carpenter@swrllp.com
Email:  t.hayes@swrllp.com

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and accurate copy of the foregoing was forwarded on the 27th day of March, 2013, by first class mail, postage prepaid to the following:

Richard T. Merker
Wallace Saunders Austin Brown & Enochs, Chtd.
2300 Main Street, Suite 900
Kansas City, Missouri 64108
Phone: 913-888-1000
Facsimile: 913-888-1065
**Attorney for Jeremiah Johnson**

Sophie Woodworth      KS #21754
Holman Schiavone, LLC
4600 Madison Avenue, Suite 810
Kansas City, Missouri 64112
Phone:  816-283-8738
Fax:  816-283-8739
Email: swoodworth@hslawllc.com
**Attorney for Lauren Spalsbury**

*/s/ Christopher J Carpenter*

Attorney

**IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS**
**CIVIL COURT DEPARTMENT**

*E-Filed*
*3/27/13 ₚₒₛ*

| | | |
|---|---|---|
| MID-CENTURY INSURANCE COMPANY, et al, | ) | |
| | ) | |
| Plaintiffs | ) | Case No. 12-CV-08860 |
| | ) | |
| v. | ) | Division 7 |
| | ) | |
| JEREMIAH JOHNSON, et al, | ) | |
| | ) | |
| Defendants | ) | |

### PLAINTIFFS' REPLY TO DEFENDANT SPALSBURY'S MOTION TO DISMISS

Plaintiffs, by and through counsel, for their reply to Defendant Lauren Spalsbury's Motion to Dismiss states the following.

Prior to the filing of defendant Spalbury's Motion to Dismiss, defendant Spalsbury had provided plaintiffs only with representations outside of Court and outside of any pleading in this matter that defendant Spalsbury had no further interest in the claims for indemnity coverage under the policies at issue in this case arising out of her claims against defendant Jeremiah Johnson in the underlying lawsuit in light of the existence of a purported settlement between them and dismissal of the claims those parties had asserted against each other in the underlying lawsuit. Although Spalsbury provided proof that the underlying claims had been settled, neither she nor defendant Johnson would provide a copy of the settlement agreement since they had agreed that it would be "confidential". Accordingly, plaintiffs have had no way of ascertaining the terms and conditions of the settlement, whether there was an assignment by the insured defendant Johnson to defendant Spalsbury of any purported claims against the plaintiffs, or whether there remained any further interest sufficient to make it necessary to bind her by any judgment in this action for purposes of collateral estoppel and res judicata.

Defendant Spalsbury has now filed with the Court her Motion to Dismiss with accompanying Memorandum, and she stated unequivocally in her Memorandum that she has no further interest in coverage and has not taken nor given any assignment of claims.  Based upon those representations made by an officer of the Court in a binding legal pleading, plaintiffs will dismiss defendant Spalsbury without prejudice from this action.

WHEREFORE, plaintiffs will file a separate pleading dismiss defendant Spalsbury without prejudice.

Respectfully submitted,

*/s/ Christopher J Carpenter*

Christopher J Carpenter        KS #16364
Tracy M. Hayes                      KS #23119
Sanders, Warren & Russell LLP
9401 Indian Creek Parkway, Suite 1250
Overland Park, Kansas 66210
Phone: (913)234-6100
Facsimile:  (913)234-6199
Email:  cj.carpenter@swrllp.com
Email:  t.hayes@swrllp.com

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and accurate copy of the foregoing was forwarded on the 27th day of March, by first class mail, postage prepaid to the following:

Richard T. Merker
Wallace Saunders Austin Brown & Enochs, Chtd.
2300 Main Street, Suite 900
Kansas City, Missouri 64108
Phone: 913-888-1000
Facsimile: 913-888-1065
**Attorney for Jeremiah Johnson**

Sophie Woodworth        KS #21754
Holman Schiavone, LLC
4600 Madison Avenue, Suite 810
Kansas City, Missouri 64112
Phone:  816-283-8738
Fax:  816-283-8739
Email: swoodworth@hslawllc.com
**Attorney for Lauren Spalsbury**

*/s/ Christopher J Carpenter*
_____
Attorney

### IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
### CIVIL COURT DEPARTMENT

|  |  |  |
|---|---|---|
| MID-CENTURY INSURANCE<br>COMPANY, et al, | ) | |
| | ) | |
| Plaintiffs | ) | Case No. 12-CV-08860 |
| | ) | |
| v. | ) | Division 7 |
| | ) | |
| JEREMIAH JOHNSON, et al, | ) | **HEARING:**  April 1, 2013, |
| | ) | at 9:30 a.m. |
| Defendants | ) | |

### SUPPLEMENTAL MOTION FOR LEAVE TO FILE AMENDED PETITION FOR DECLARATORY JUDGMENT AND MEMORANDUM IN SUPPORT THEREOF

COMES NOW Plaintiffs Mid-Century Insurance Company and Farmers Insurance Exchange, by and through counsel, and pursuant to K.S.A. 60-215(a)(2), moves for an Order from the court for leave to file their Amended Petition for Declaratory Judgment. In further support of this Supplemental Motion, Plaintiffs state as follows:

1.  This is a declaratory judgment action to determine whether Plaintiffs owe a duty to defend and/or indemnify Defendant Jeremiah Johnson in litigation brought against him by three individuals.

2.  During the case management conference in this matter, Defendants noted some errors in the original Petition. Further, Defendant Johnson has questioned the venue and jurisdiction of this Court to hear this matter.

3.  Plaintiffs previously filed their Motion for Leave to File Amended Petition for Declaratory Judgment on March 19, 2013, however since filing that motion, Plaintiffs have voluntarily dismissed defendant Lauren Spalsbury from the lawsuit without prejudice, therefore the proposed Amended Petition for Declaratory Judgment attached to the previous Motion for Leave is incorrect and thus the need for this supplemental motion.

*Clerk of the District Court, Johnson County Kansas*
*03/28/13  10:50am SH*

4.      Plaintiffs move for leave to file an amended petition to address the concerns of the remaining Defendant, Jeremiah Johnson, which includes additional citation to venue statutes in paragraph 5 and the clarification of what relief is being requested in this matter. Pursuant to the Court's Scheduling Order, the deadline to file a motion for leave to amend is March 22, 2013, and Plaintiffs filed their original Motion for Leave before that date.

5.      Pursuant to K.S.A. § 60-215(a), a party must obtain either leave of Court or written consent from their adversary before filing an amended pleading beyond 21 days after the original pleading was filed. Section 60-215(a)(2) holds that leave of Court shall be freely given when justice so requires. Here, Defendant will not be prejudiced by the Court granting leave to file an Amended Petition as this action has just begun and no discovery has been conducted to date.

6.      The supplemental/new proposed Amended Petition for Declaratory Judgment is attached hereto as Exhibit A. Plaintiffs request leave to file this proposed Amended Petition in place of the proposed Amended Petition filed with the original Motion for Leave on March 19, 2013.

WHEREFORE, Plaintiffs respectfully request an Order from this Court granting their Motion for Leave to File an Amended Petition for Declaratory Judgment.

Respectfully submitted,

*/s/ Christopher J Carpenter*

Christopher J Carpenter        KS #16364
Tracy M. Hayes                 KS #23119
SANDERS WARREN & RUSSELL LLP
40 Corporate Woods, Suite 1250
9401 Indian Creek Parkway
Overland Park, Kansas  66210
Telephone:      (913) 234-6100
Facsimile:      (913) 234-6199
Email: cj.carpenter@swrllp.com
        t.hayes@swrllp.com
ATTORNEYS FOR PLAINTIFF MID-CENTURY
INSURANCE     COMPANY     AND     FARMERS
INSURANCE EXCHANGE

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and accurate copy of the foregoing was forwarded on the 28th day of March, 2013, by first class mail, postage prepaid to the following:

Richard T. Merker
Wallace Saunders Austin Brown & Enochs, Chtd.
2300 Main Street, Suite 900
Kansas City, Missouri 64108
Phone: 913-888-1000
Facsimile: 913-888-1065
**Attorney for Jeremiah Johnson**

Sophie Woodworth        KS #21754
Holman Schiavone, LLC
4600 Madison Avenue, Suite 810
Kansas City, Missouri 64112
Phone:  816-283-8738
Fax:  816-283-8739
Email: swoodworth@hslawllc.com
**Attorney for Lauren Spalsbury**

*Clerk of the District Court, Johnson County Kansas*
*03/28/13  10:50am SH*

Chamber copy to:

    The Honorable David W. Hauber
    Johnson County Courthouse, Division 7
    100 N. Kansas Avenue
    Olathe, Kansas 66061

                    */s/ Christopher J Carpenter*

                    _____

                    Attorney

IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
CIVIL COURT DEPARTMENT

MID-CENTURY INSURANCE          )
COMPANY, et al,                )
                               )
          Plaintiffs           )          Case No. 12-CV-08860
                               )
     v.                        )          Division 7
                               )
JEREMIAH JOHNSON,              )
                               )
          Defendant            )

## AMENDED PETITION FOR DECLARATORY JUDGMENT

Plaintiffs Mid-Century Insurance Company and Farmers Insurance Exchange, by and
through counsel, and for their Amended Petition for Declaratory Judgment state the following:

1.     Plaintiff Mid-Century Insurance Company ("Mid-Century") is a stock insurance
company incorporated in the state of California with its principal place of business in the state of
California.

2.     Plaintiff Farmers Insurance Exchange ("Farmers") is a reciprocal insurance
exchange authorized to do business and doing business in the states of Missouri and Kansas.

3.     Defendant Jeremiah Johnson is a resident of Missouri.  All the actions Defendant
Johnson has demanded coverage for occurred in the state of Kansas.  This Court has subject
matter jurisdiction and personal jurisdiction over defendant Johnson in this matter based on
K.S.A. §§ 60-1701 and 60-308(b).

4.     This Court has venue over this matter as it involves a non-resident and pursuant
K.S.A. § 60-605(1), (3), and (4), as at least one Plaintiff maintains a place of business in Johnson
County, Kansas, the cause of action arose in Johnson County, Kansas, and Defendant Johnson
was transacting business in Johnson County, Kansas, at the time of the filing of the petition.

1

*Clerk of the District Court, Johnson County Kansas*
*03/29/13 10:50am S.*



## FACTUAL BACKGROUND

6.     This action for declaratory judgment arises out of a lawsuit filed by three individuals not named herein ("underlying plaintiffs") against Defendant Johnson in the United States District Court for the District of Kansas, case number 11-cv-2693 ("underlying case").

7.     In the underlying case, the underlying plaintiffs alleged three claims against Defendant Johnson for invasion of privacy, outrage, and breach of fiduciary duty.

8.     The underlying plaintiffs alleged that they were employees of Defendant Johnson in his law office in Olathe, Kansas.

9.     The underlying plaintiffs alleged that during the course and scope of their employment as employees at the law office of Defendant Johnson, on a number of occasions prior to and including June 2, 2011, Defendant Johnson placed cameras in such a position that photographs and/or video were taken of the underlying plaintiffs' legs, lower torso, and between their legs.

10.     In the underlying case, the underlying plaintiffs claimed damages for severe emotional distress, mental suffering, shame, humiliation, loss of income, and punitive damages.

11.     Although the claims of the three underlying plaintiffs have been settled, Defendant Johnson has still demanded indemnity coverage from Plaintiffs for the claims asserted against him in the underlying lawsuit and any amounts he has expended or will expend to settle those claims, as well as expenses and fees he has incurred and/or paid to his personal attorney. Plaintiffs have provided defendant Johnson a defense of the underlying lawsuit pursuant to reservation of rights, and defendant Johnson has accepted the reservation of rights defense.

## THE HOMEOWNERS' POLICY

12.    Plaintiff Mid-Century issued a homeowners' policy to Jeremiah and Schalie Johnson for the policy period of December 29, 2010 to December 29, 2011, policy number 92269-36-46 ("homeowners' policy").

13.    The homeowners' policy provides the following relevant language:

**SECTION II – LIABILITY**

**Coverages**
**Coverage E – Personal Liability**

We will pay those damages which an **insured** becomes legally obligated to pay because of **bodily injury, property damage** or **personal injury** resulting from an **occurrence** to which this coverage applies.  Personal injury means any injury arising from:

(1) false arrest, imprisonment, malicious prosecution and detention.

(2) the wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, home, or premises that a person occupies when committed by or on behalf of its owner, landlord, or lessor. [As amended by endorsement E6008]

(3) libel, slander, defamation of character.

(4) discrimination because of race, color, religion or national origin. [As amended by endorsement E6008]

At our expense and with attorneys of our choice, we will defend an **insured** against any covered claim or suit.  We are not obligated to pay defense costs, including attorneys' fees of any claim or suit where you select an attorney not chosen by us because there is a dispute between you and us over coverage.  We may investigate and settle any claim or suit that we consider proper.  Our obligation to defend any claim or suit ends once we have paid our limit of liability.

****

14.    The homeowners' policy provides the following relevant definitions:

3

DEFINITIONS

Throughout this policy, "you" and "your" mean the "named insured" shown in the Declarations and spouse if a resident of the same household. "We," "us" and "our" mean the Company named in the Declarations which provides this insurance. In addition, certain words appear in bold type. They are defined as follows:

\*\*\*\*

4.      **Bodily injury** -- means bodily harm, sickness or disease, including care, loss of services and death resulting from that injury.

5.      **Business** -- means any full or part-time trade, profession or occupation.

\*\*\*\*

15.     **Occurrence** – means an accident including exposure to conditions which results during the policy period in **bodily injury** or **property damage**. Repeated or continuous exposure to the same general conditions is considered to be one **occurrence**.

**Occurrence** does not include accidents or events which take place during the policy period which do not result in **bodily injury** or **property damage** until after the policy period.

\*\*\*\*

15.   The homeowners' policy provides the following relevant exclusions:

**SECTION II – EXCLUSIONS**

**Applying to Coverage E – Personal Liability**

We do not cover:

1.   Liability of an **insured** assumed under any contract or agreement relating to a **business** of an **insured**. Liability of **persons** other than an **insured** assumed under any contract or agreement, whether **business** or non-business, is not covered. Liability of any agreement between an **insured** and a corporation or association of property owners is not covered except as provided under Loss Assessment Coverage.

4

2. Punitive or exemplary damages or the cost of defense related to such damages.

\*\*\*\*

5. Personal injury caused by a violation of penal law or ordinance committed by or with the knowledge or consent of any **insured**.

6. Personal injury sustained by any **person** as a result of an offense directly or indirectly related to the employment of this **person** by the **insured**.

\*\*\*\*

**Applying to Coverage E and F -- Personal Liability and Medical Payment to Others**

We do not cover **bodily injury, property damage** or personal injury which:

1. arises from or during the course of **business** pursuits of an **insured**.

\*\*\*\*

3. is either:

a. caused intentionally by or at the direction of an **insured**; or

b. results from any **occurrence** caused by an intentional act of any insured where the results were reasonably foreseeable.

\*\*\*\*

## THE UMBRELLA POLICY

16. Plaintiff Farmers issued an umbrella policy to Jeremiah and Schalie Johnson for the policy period of June 12, 2010 to June 12, 2011, policy number 604554424 ("umbrella policy").

17. The umbrella policy provides the following relevant language:

**AGREEMENT**

We shall provide the insurance described in this policy for the coverages and the limits of liability shown in the Declarations of this policy. In return you will pay the premium and comply with policy conditions.

\*\*\*\*

**PART II – COVERAGE**

If a claim is made anywhere in the world against an **insured**, we will, subject to definitions, exclusions, terms and conditions of this insurance, pay damages caused by an **occurrence** in excess of the **retained limit** on the **insured**'s behalf. The amount of **damages** we pay will not exceed our Limit of Liability as explained in "Part IV – Limits of Liability." **We** will defend any **insured** for any claim or suit that is covered by this insurance but not covered by other insurance as described in "Part VI – Defenses of Suits Not Covered By Other Insurance." If a claim or suit is made for **damages** excluded from coverage under this policy, **we** have no obligation to defend such claim or suit.

\*\*\*\*

18.     The umbrella policy provides the following relevant definitions:

**PART I – DEFINITIONS**

In this policy, "you" and "your" mean the "named insured" in the Declarations and spouse if a resident of your household. "We," "us" and "our" mean the FARMERS INSURANCE EXCHANGE.

Other words are defined as follows:

\*\*\*\*

3.      **Bodily Injury** – means bodily harm to, sickness or disease of any person. This includes death, shock, mental anguish or mental injury that result from such bodily harm, sickness or disease.

4.      **Business** – means any part-time or full-time trade, profession or occupation.

5.      **Business property** – means:

\*\*\*\*

    c.  property, including personal property and **real property**, with which a **business** is conducted; or

    d.  property rented or held for rental, in whole or in part, to others.

6.    **Damages** — means the total of damages that the **insured** must pay (legally or by agreement with our written consent) because of **bodily injury, personal injury** or **property damage** caused by an **occurrence** covered by this policy, and reasonable expenses incurred by the insured at our request.

\*\*\*\*

19.    The umbrella policy provides the following relevant exclusions:

**PART III – EXCLUSIONS**

We do not cover **damages**:

\*\*\*\*

4.    Either expected or intended from the standpoint of an **insured**. This exclusion does not apply to **damages** for **bodily injury** if such **insured** acted with reasonable force to protect persons or property.

5.    Arising out of **business** or **business property** of an **insured** unless covered by **underlying insurance** described in the Declarations. Our coverage is no broader than the **underlying insurance**, except for our Limit of Liability.

\*\*\*\*

7.    Due to discrimination in any way connected with a violation of any State, Federal or local governmental Civil Rights law.

\*\*\*\*

17.    Arising out of corporal punishment, molestation or abuse of any person by any:

    a.  **insured**;

    b.  employee of any **insured**; or

    c.  person performing volunteer services by or on behalf of any **insured**, person for hire, or any other person who is acting or who appears to be acting on behalf of any **insured**.

\*\*\*\*

29.     Which are punitive or exemplary.

\*\*\*\*

## COUNT I
## NO COVERAGE UNDER HOMEOWNERS POLICY FOR CLAIMS ALLEGED

20.     Plaintiff incorporates paragraphs 1 through 19 of this Petition herein.

21.     The actions alleged in the underlying case do not meet the definition of a "personal injury" under the terms of the policy.

22.     The actions alleged in the underlying case do not meet the definition of an "occurrence" under the terms of the policy.

23.     The actions alleged in the underlying case are excluded from coverage as the actions alleged relate to a business of the insured or arise from or during the course of business pursuits of Defendant Johnson.

24.     The actions alleged in the underlying case are excluded as the injuries alleged result directly or indirectly from the employment of the underlying plaintiffs by Defendant Johnson

25.     The actions alleged in the underlying case are excluded from coverage as the actions alleged are a violation of penal law or ordinance committed by or with the knowledge or consent of Defendant Johnson.

26.     The actions alleged in the underlying case are excluded from coverage as the actions alleged were caused intentionally by or at the direction of Defendant Johnson or were caused by an intentional act of Defendant Johnson and the results were reasonably foreseeable.

27.     There is therefore no coverage under the homeowners' policy for the claim asserted by the underlying plaintiffs.

## COUNT II
## NO COVERAGE UNDER HOMEOWNERS POLICY FOR DAMAGES ALLEGED

28.     Plaintiff incorporates paragraphs 1 through 27 of this Petition herein.

29.     The injuries and damages alleged in the underlying case do not meet the definition of a "bodily injury" under the terms of the policy.

30.     In the underlying case, the underlying plaintiffs pled punitive damages that are excluded from coverage under the terms of the policy.

31.     In the underlying case, the underlying plaintiffs requested damages that are not damages for "bodily injury" or "property damage" within the meaning of those terms under the homeowners policy or applicable law.

32.     There is therefore no coverage under the homeowners' policy for the damages asserted the underlying plaintiffs.

## COUNT III
## NO COVERAGE UNDER UMBRELLA POLICY FOR CLAIMS ALLEGED

33.     Plaintiff incorporates paragraphs 1 through 32 of this Petition herein.

34.     The actions alleged in the underlying case were either expected or intended from the standpoint of Defendant Johnson.

35.     The actions alleged in the underlying case arise out of business of an insured which is not covered by the underlying homeowners' insurance as detailed above.

36.     The acts and omissions alleged in the underlying case do not constitute an "occurrence" as that term is used in the umbrella and applicable law.

37.     The actions alleged in the underlying case are excluded from coverage as due to discrimination in any way connected with a violation of any State, Federal or local governmental

Civil Rights law the actions alleged are a violation of penal law or ordinance committed by or with the knowledge or consent of Defendant Johnson.

38. The actions alleged in the underlying case are excluded from coverage as the actions alleged arose from molestation or abuse of any person by Defendant Johnson.

39. There is therefore no coverage under the umbrella policy for the claim asserted by the underlying plaintiffs.

## COUNT IV
## NO COVERAGE UNDER UMBRELLA POLICY FOR DAMAGES ALLEGED

40. Plaintiff incorporates paragraphs 1 through 39 of this Petition herein.

41. The injuries and damages alleged in the underlying case do not meet the definition of a "bodily injury" under the terms of the policy.

42. In the underlying case, the underlying plaintiffs have pled punitive damages that are excluded from coverage under the terms of the policy.

43. There is therefore no coverage under the umbrella policy for the damages asserted by the underlying plaintiffs in the underlying case.

## COUNT V
## NO COVERAGE FOR PERSONAL ATTORNEY FEES

44. Plaintiffs incorporate paragraphs 1 – 43 of this Amended Petition.

45. Defendant Johnson has demanded that Plaintiffs reimburse him and/or pay for attorney fees that he has paid or has incurred for the employment of his personal attorney.

46. Plaintiffs defended defendant Johnson in the underlying lawsuit with reservation of rights and employed the law firm of McCausland, Barrett & Bartolos who defendant defendant Johnson. Plaintiffs paid for those fees.

10        *Clerk of the District Court, Johnson County Kansas*
          *03/28/13 10:50am SH*

47.     Plaintiffs reimbursed defendant Johnson for fees incurred by his personal attorney from the original date of tender to the date that Plaintiffs assumed the defense of defendant Johnson in the underlying case.

48.     There is no coverage under either the homeowners policy or the umbrella policy for the fees incurred by defendant's personal counsel after the date that Plaintiffs undertook his defense in the underlying case, and Plaintiffs are not responsible for those fees and the fees of assigned defense counsel.

WHEREFORE, Plaintiffs Mid-Century Insurance Company and Farmers Insurance Exchange request a declaratory judgment in this matter declaring the following:

a.  That there is no indemnity coverage under the homeowners' policy for Defendant Johnson for the claims and damages asserted in the underlying case;

b.  That there is no indemnity coverage under the homeowners' policy for any settlements made by defendant Johnson in the underlying case;

c.  That there is no indemnity coverage under the umbrella policy for Defendant Johnson for the claims asserted and damages alleged in the underlying case;

d.  Plaintiffs have no duty to defend nor indemnify Defendant Johnson for the claims and damages alleged in the underlying case;

e.  That there is no coverage under either the homeowners or umbrella policies for any attorney fees incurred by defendant Johnson for the employment of his personal counsel and that Plaintiffs are not responsible for those fees and costs; and

f.  Such other and further relief as the Court deems just.

11

*Clerk of the District Court, Johnson County Kansas*
*03/28/13  10:50am SH*

Respectfully submitted,

/s/ Christopher J Carpenter

Christopher J Carpenter        KS #16364
Tracy M. Hayes                 KS #23119
SANDERS WARREN & RUSSELL LLP
40 Corporate Woods, Suite 1250
9401 Indian Creek Parkway
Overland Park, Kansas 66210
Telephone:    (913) 234-6100
Facsimile:    (913) 234-6199
Email: cj.carpenter@swrllp.com
       t.hayes@swrllp.com
ATTORNEYS FOR PLAINTIFF MID-CENTURY
INSURANCE COMPANY AND FARMERS
INSURANCE EXCHANGE

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and accurate copy of the foregoing was forwarded on the _____th day of _____, 2013, by first class mail, postage prepaid to the following:

Richard T. Merker
Wallace Saunders Austin Brown & Enochs, Chtd.
2300 Main Street, Suite 900
Kansas City, Missouri 64108
Phone: 913-888-1000
Facsimile: 913-888-1065
**Attorney for Jeremiah Johnson**

Sophie Woodworth        KS #21754
Holman Schiavone, LLC
4600 Madison Avenue, Suite 810
Kansas City, Missouri 64112
Phone:  816-283-8738
Fax:  816-283-8739
Email: swoodworth@hslawllc.com
**Attorney for Lauren Spalsbury**

/s/ Christopher J Carpenter

Attorney

*Clerk of the District Court, Johnson County Kansas*
*03/28/13  10:50am SH*

12

## IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
## CIVIL COURT DEPARTMENT

| | | |
|---|---|---|
| MID-CENTURY INSURANCE<br>COMPANY, et al, | ) | |
| | ) | |
| | ) | |
| Plaintiffs | ) | Case No. 12-CV-08860 |
| | ) | |
| v. | ) | Division 7 |
| | ) | |
| JEREMIAH JOHNSON, et al, | ) | |
| | ) | |
| Defendants | ) | |

## JOURNAL ENTRY

This matter comes before the Court on Plaintiffs' Dismissal without Prejudice of defendant Lauren Spalsbury, Plaintiffs' Motion for Leave to File Amended Petition for Declaratory Judgment and Plaintiffs' Supplemental Motion for Leave to File Amended Petition for Declaratory Judgment.

The Court takes up Plaintiffs' Dismissal without Prejudice of defendant Lauren Spalsbury and it is ORDERED that defendant Lauren Spalsbury is dismissed from the lawsuit without prejudice.   It is also ORDERED that defendant Lauren Spalsbury's Motion to Dismiss is therefore DENIED as moot.

The Court takes up Plaintiff's Motion for Leave to File Amended Petition for Declaratory Judgment and Plaintiffs' Supplemental Motion for Leave to File Amended Petition for Declaratory Judgment.  The Court, having reviewed both motions and being duly advised, permits the proposed amendment and the Amended Petition for Declaratory Judgment, attached hereto as Exhibit A, is ORDERED filed as of the date of this Journal Entry.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that defendant Jeremiah Johnson has 20 days from the date this Journal Entry is filed to answer or otherwise plead in response to the Amended Petition for Declaratory Judgment; and

IT IS FURTHER ORDERED AND DECREED that by the signing of this Journal Entry defendant Jeremiah Johnson is not waiving any defenses he has to the Amended Petition for Declaratory Judgment.

IT IS SO ORDERED.


Date: _____        _____
                             Honorable David W. Hauber, Judge

Christopher J Carpenter        KS #16364
Tracy M. Hayes                 KS #23119
SANDERS WARREN & RUSSELL LLP
9401 Indian Creek Pkwy, Suite 1250
Overland Park, KS 66210
Tele: 913-234-6100
Fax: 913-234-6199
cj.carpenter@swrllp.com
t.hayes@swrllp.com
**Attorneys for Garnishee Mid-Century**
**Insurance Company**


Richard T. Merker        by Chris Carpenter
                              KS #16364
Richard T. Merker
Wallace Saunders Austin Brown & Enochs, Chtd.
2300 Main Street, Suite 900
Kansas City, Missouri 64108
Phone: 913-888-1000
Facsimile: 913-888-1065
**Attorney for Jeremiah Johnson**


Sophie Woodworth        KS #21754
Holman Schiavone, LLC
4600 Madison Avenue, Suite 810
Kansas City, Missouri 64112
Phone:  816-283-8738
Fax:  816-283-8739
Email: swoodworth@hslawllc.com
**Attorney for Lauren Spalsbury**

## IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
## CIVIL COURT DEPARTMENT

MID-CENTURY INSURANCE     )
COMPANY, et al,               )
                                 )
          Plaintiffs       )     Case No. 12-CV-08860
                                 )
   v.                     )     Division 7
                                 )
JEREMIAH JOHNSON,       )
                                 )
          Defendant     )

## AMENDED PETITION FOR DECLARATORY JUDGMENT

Plaintiffs Mid-Century Insurance Company and Farmers Insurance Exchange, by and through counsel, and for their Amended Petition for Declaratory Judgment state the following:

1.      Plaintiff Mid-Century Insurance Company ("Mid-Century") is a stock insurance company incorporated in the state of California with its principal place of business in the state of California.

2.      Plaintiff Farmers Insurance Exchange ("Farmers") is a reciprocal insurance exchange authorized to do business and doing business in the states of Missouri and Kansas with its principal place of business in California.

3.      Defendant Jeremiah Johnson is a resident of Missouri. All the actions Defendant Johnson has demanded coverage for occurred in the state of Kansas. This Court has subject matter jurisdiction and personal jurisdiction over defendant Johnson in this matter based on K.S.A. §§ 60-1701 and 60-308(b).

4.      This Court has venue over this matter as it involves a non-resident and pursuant K.S.A. § 60-605(1), (3), and (4), as at least one Plaintiff maintains a place of business in Johnson

**EXHIBIT A**             1

County, Kansas, the cause of action arose in Johnson County, Kansas, and Defendant Johnson was transacting business in Johnson County, Kansas, at the time of the filing of the petition.

## FACTUAL BACKGROUND

6.      This action for declaratory judgment arises out of a lawsuit filed by three individuals not named herein ("underlying plaintiffs") against Defendant Johnson in the United States District Court for the District of Kansas, case number 11-cv-2693 ("underlying case").

7.      In the underlying case, the underlying plaintiffs alleged three claims against Defendant Johnson for invasion of privacy, outrage, and breach of fiduciary duty.

8.      The underlying plaintiffs alleged that they were employees of Defendant Johnson in his law office in Olathe, Kansas.

9.      The underlying plaintiffs alleged that during the course and scope of their employment as employees at the law office of Defendant Johnson, on a number of occasions prior to and including June 2, 2011, Defendant Johnson placed cameras in such a position that photographs and/or video were taken of the underlying plaintiffs' legs, lower torso, and between their legs.

10.     In the underlying case, the underlying plaintiffs claimed damages for severe emotional distress, mental suffering, shame, humiliation, loss of income, and punitive damages.

11.     Although the claims of the three underlying plaintiffs have been settled, Defendant Johnson has still demanded indemnity coverage from Plaintiffs for the claims asserted against him in the underlying lawsuit and any amounts he has expended or will expend to settle those claims.

**EXHIBIT A**                                    2

## THE HOMEOWNERS' POLICY

12.     Plaintiff Mid-Century issued a homeowners' policy to Jeremiah and Schalie Johnson for the policy period of December 29, 2010 to December 29, 2011, policy number 92269-36-46 ("homeowners' policy").

13.     The homeowners' policy provides the following relevant language:

**SECTION II – LIABILITY**

**Coverages**
**Coverage E – Personal Liability**

We will pay those damages which an **insured** becomes legally obligated to pay because of **bodily injury**, **property damage** or **personal injury** resulting from an **occurrence** to which this coverage applies.  Personal injury means any injury arising from:

  (1) false arrest, imprisonment, malicious prosecution and detention.

  (2) the wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, home, or premises that a person occupies when committed by or on behalf of its owner, landlord, or lessor. [As amended by endorsement E6008]

  (3) libel, slander, defamation of character.

  (4) discrimination because of race, color, religion or national origin. [As amended by endorsement E6008]

At our expense and with attorneys of our choice, we will defend an **insured** against any covered claim or suit.  We are not obligated to pay defense costs, including attorneys' fees of any claim or suit where you select an attorney not chosen by us because there is a dispute between you and us over coverage.  We may investigate and settle any claim or suit that we consider proper.  Our obligation to defend any claim or suit ends once we have paid our limit of liability.

****

**EXHIBIT A**                                    3

14.     The homeowners' policy provides the following relevant definitions:

**DEFINITIONS**

Throughout this policy, "you" and "your" mean the "named insured" shown in the Declarations and spouse if a resident of the same household. "We," "us" and "our" mean the Company named in the Declarations which provides this insurance.  In addition, certain words appear in bold type.  They are defined as follows:

\*\*\*\*

4.     **Bodily injury** – means bodily harm, sickness or disease, including care, loss of services and death resulting from that injury.

5.     **Business** – means any full or part-time trade, profession or occupation.

\*\*\*\*

15.     **Occurrence** – means an accident including exposure to conditions which results during the policy period in **bodily injury** or **property damage**.  Repeated or continuous exposure to the same general conditions is considered to be one **occurrence**.

**Occurrence** does not include accidents or events which take place during the policy period which do not result in **bodily injury** or **property damage** until after the policy period.

\*\*\*\*

15.     The homeowners' policy provides the following relevant exclusions:

**SECTION II – EXCLUSIONS**

**Applying to Coverage E – Personal Liability**

We do not cover:

1.     Liability of an **insured** assumed under any contract or agreement relating to a **business** of an **insured**.  Liability of **persons** other than an **insured** assumed under any contract or agreement, whether **business** or non-business, is not covered.  Liability of any agreement between an **insured** and a corporation or association of property owners is not covered except as provided under Loss Assessment Coverage.

**EXHIBIT A**                                    4

2.   Punitive or exemplary damages or the cost of defense related to such damages.

\*\*\*\*

5.   Personal injury caused by a violation of penal law or ordinance committed by or with the knowledge or consent of any **insured**.

6.   Personal injury sustained by any **person** as a result of an offense directly or indirectly related to the employment of this **person** by the **insured**.

\*\*\*\*

**Applying to Coverage E and F – Personal Liability and Medical Payment to Others**

We do not cover **bodily injury**, **property damage** or personal injury which:

1.   arises from or during the course of **business** pursuits of an **insured**.

\*\*\*\*

3.   is either:

a.   caused intentionally by or at the direction of an **insured**; or

b.   results from any **occurrence** caused by an intentional act of any insured where the results were reasonably foreseeable.

\*\*\*\*

## THE UMBRELLA POLICY

16.   Plaintiff Farmers issued an umbrella policy to Jeremiah and Schalie Johnson for the policy period of June 12, 2010 to June 12, 2011, policy number 604554424 ("umbrella policy").

17.   The umbrella policy provides the following relevant language:

**EXHIBIT A**                              5

**AGREEMENT**

We shall provide the insurance described in this policy for the coverages and the limits of liability shown in the Declarations of this policy. In return you will pay the premium and comply with policy conditions.

\*\*\*\*

**PART II – COVERAGE**

If a claim is made anywhere in the world against an **insured**, we will, subject to definitions, exclusions, terms and conditions of this insurance, pay damages caused by an **occurrence** in excess of the **retained limit** on the **insured**'s behalf. The amount of **damages** we pay will not exceed our Limit of Liability as explained in "Part IV – Limits of Liability." **We** will defend any **insured** for any claim or suit that is covered by this insurance but not covered by other insurance as described in "Part VI – Defenses of Suits Not Covered By Other Insurance." If a claim or suit is made for **damages** excluded from coverage under this policy, **we** have no obligation to defend such claim or suit.

\*\*\*\*

18.     The umbrella policy provides the following relevant definitions:

**PART I – DEFINITIONS**

In this policy, "you" and "your" mean the "named insured" in the Declarations and spouse if a resident of your household. "We," "us" and "our" mean the FARMERS INSURANCE EXCHANGE.

Other words are defined as follows:

\*\*\*\*

3.      **Bodily Injury** – means bodily harm to, sickness or disease of any person. This includes death, shock, mental anguish or mental injury that result from such bodily harm, sickness or disease.

4.      **Business** – means any part-time or full-time trade, profession or occupation.

5.      **Business property** – means:

\*\*\*\*

**EXHIBIT A**                                    6

    c.  property, including personal property and **real property**, with which a **business** is conducted; or

    d.  property rented or held for rental, in whole or in part, to others.

6.    **Damages** – means the total of damages that the **insured** must pay (legally or by agreement with our written consent) because of **bodily injury**, **personal injury** or **property damage** caused by an **occurrence** covered by this policy, and reasonable expenses incurred by the insured at our request.

\*\*\*\*

19.    The umbrella policy provides the following relevant exclusions:

**PART III – EXCLUSIONS**

We do not cover **damages**:

\*\*\*\*

4.    Either expected or intended from the standpoint of an **insured**. This exclusion does not apply to **damages** for **bodily injury** if such **insured** acted with reasonable force to protect persons or property.

5.    Arising out of **business** or **business property** of an **insured** unless covered by **underlying insurance** described in the Declarations.  Our coverage is no broader than the **underlying insurance**, except for our Limit of Liability.

\*\*\*\*

7.    Due to discrimination in any way connected with a violation of any State, Federal or local governmental Civil Rights law.

\*\*\*\*

17.    Arising out of corporal punishment, molestation or abuse of any person by any:

    a.  **insured**;

    b.  employee of any **insured**; or

    c.  person performing volunteer services by or on behalf of any **insured**, person for hire, or any other person who is acting or who appears to be acting on behalf of any **insured**.

\*\*\*\*

**EXHIBIT A**

29.     Which are punitive or exemplary.

****

**COUNT I**
**NO COVERAGE UNDER HOMEOWNERS POLICY FOR CLAIMS ALLEGED**

20.     Plaintiff incorporates paragraphs 1 through 19 of this Petition herein.

21.     The actions alleged in the underlying case do not meet the definition of a "personal injury" under the terms of the policy.

22.     The actions alleged in the underlying case do not meet the definition of an "occurrence" under the terms of the policy.

23.     The actions alleged in the underlying case are excluded from coverage as the actions alleged relate to a business of the insured or arise from or during the course of business pursuits of Defendant Johnson.

24.     The actions alleged in the underlying case are excluded as the injuries alleged result directly or indirectly from the employment of the underlying plaintiffs by Defendant Johnson

25.     The actions alleged in the underlying case are excluded from coverage as the actions alleged are a violation of penal law or ordinance committed by or with the knowledge or consent of Defendant Johnson.

26.     The actions alleged in the underlying case are excluded from coverage as the actions alleged were caused intentionally by or at the direction of Defendant Johnson or were caused by an intentional act of Defendant Johnson and the results were reasonably foreseeable.

27.     There is therefore no coverage under the homeowners' policy for the claim asserted by the underlying plaintiffs.

**EXHIBIT A**

8

## COUNT II
## NO COVERAGE UNDER HOMEOWNERS POLICY FOR DAMAGES ALLEGED

28.    Plaintiff incorporates paragraphs 1 through 27 of this Petition herein.

29.    The injuries and damages alleged in the underlying case do not meet the definition of a "bodily injury" under the terms of the policy.

30.    In the underlying case, the underlying plaintiffs pled punitive damages that are excluded from coverage under the terms of the policy.

31.    In the underlying case, the underlying plaintiffs requested damages that are not damages for "bodily injury" or "property damage" within the meaning of those terms under the homeowners policy or applicable law.

32.    There is therefore no coverage under the homeowners' policy for the damages asserted the underlying plaintiffs.

## COUNT III
## NO COVERAGE UNDER UMBRELLA POLICY FOR CLAIMS ALLEGED

33.    Plaintiff incorporates paragraphs 1 through 32 of this Petition herein.

34.    The actions alleged in the underlying case were either expected or intended from the standpoint of Defendant Johnson.

35.    The actions alleged in the underlying case arise out of business of an insured which is not covered by the underlying homeowners' insurance as detailed above.

36.    The acts and omissions alleged in the underlying case do not constitute an "occurrence" as that term is used in the umbrella and applicable law.

37.    The actions alleged in the underlying case are excluded from coverage as due to discrimination in any way connected with a violation of any State, Federal or local governmental

**EXHIBIT A**                                    9

Civil Rights law the actions alleged are a violation of penal law or ordinance committed by or with the knowledge or consent of Defendant Johnson.

38.    The actions alleged in the underlying case are excluded from coverage as the actions alleged arose from molestation or abuse of any person by Defendant Johnson.

39.    There is therefore no coverage under the umbrella policy for the claim asserted by the underlying plaintiffs.

**COUNT IV**
**NO COVERAGE UNDER UMBRELLA POLICY FOR DAMAGES ALLEGED**

40.    Plaintiff incorporates paragraphs 1 through 39 of this Petition herein.

41.    The injuries and damages alleged in the underlying case do not meet the definition of a "bodily injury" under the terms of the policy.

42.    In the underlying case, the underlying plaintiffs have pled punitive damages that are excluded from coverage under the terms of the policy.

43.    There is therefore no coverage under the umbrella policy for the damages asserted by the underlying plaintiffs in the underlying case.

WHEREFORE, Plaintiffs Mid-Century Insurance Company and Farmers Insurance Exchange request a declaratory judgment in this matter declaring the following:

a.    That there is no indemnity coverage under the homeowners' policy for Defendant Johnson for the claims and damages asserted in the underlying case;

b.    That there is no indemnity coverage under the homeowners' policy for any settlements made by defendant Johnson in the underlying case;

c.    That there is no indemnity coverage under the umbrella policy for Defendant Johnson for the claims asserted and damages alleged in the underlying case;

**EXHIBIT A**

d.  Plaintiffs have no duty to defend nor indemnify Defendant Johnson for the

claims and damages alleged in the underlying case; and

e.  Such other and further relief as the Court deems just.

Respectfully submitted,

*/s/ Christopher J Carpenter*

Christopher J Carpenter        KS #16364
Tracy M. Hayes                 KS #23119
SANDERS WARREN & RUSSELL LLP
40 Corporate Woods, Suite 1250
9401 Indian Creek Parkway
Overland Park, Kansas  66210
Telephone:     (913) 234-6100
Facsimile:     (913) 234-6199
Email: cj.carpenter@swrllp.com
       t.hayes@swrllp.com
ATTORNEYS FOR PLAINTIFF MID-CENTURY
INSURANCE   COMPANY   AND   FARMERS
INSURANCE EXCHANGE

### CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and accurate copy of the foregoing was forwarded on the _____ day of _____, 2013, by first class mail, postage prepaid to the following:

Richard T. Merker
Wallace Saunders Austin Brown & Enochs, Chtd.
2300 Main Street, Suite 900
Kansas City, Missouri 64108
Phone: 913-888-1000
Facsimile: 913-888-1065
**Attorney for Jeremiah Johnson**

**EXHIBIT A**                          11

Sophie Woodworth
Holman Schiavone, LLC
4600 Madison Avenue, Suite 810
Kansas City, Missouri 64112
Phone:  816-283-8738
Fax:  816-283-8739
Email: swoodworth@hslawllc.com
**Attorney for Lauren Spalsbury**

*/s/ Christopher J Carpenter*

Attorney

**EXHIBIT A**

12