## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

| | |
|---|---|
| MID-CENTURY INSURANCE COMPANY, et al, | ) ) ) |
| Plaintiffs | ) ) Case No. 13-CV-2191 RDR/KGS |
| v. | ) ) ) |
| JEREMIAH JOHNSON, et al, | ) ) |
| Defendants | ) |

### MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND

Plaintiffs, by and through counsel, for their Memorandum in Support of their Motion to Remand in this matter, state the following:

**I.    STATEMENT OF NATURE OF MATTER BEFORE THE COURT**

This is an action for declaratory judgment filed by Plaintiffs Mid-Century Insurance Company and Farmers Insurance Exchange seeking a declaration that there is no insurance coverage under a homeowners policy and an umbrella policy issued by Plaintiffs to defendant Johnson for claims asserted against him in an underlying lawsuit arising from allegations that he secretly filmed under the desks and up the skirts of his female employees.

**II.   STATEMENT OF FACTS**

Plaintiffs filed this declaratory judgment in the District Court of Johnson County, Kansas seeking a declaration that there is no coverage for underlying claims asserted against defendant Johnson arising out of his secretly filming his employees under their desks in his law office. Defendant Johnson is an attorney licensed in the state of Kansas and as a result of his actions as alleged in the underlying lawsuit, criminal proceedings and professional disciplinary proceedings

have been commenced against him in the state of Kansas, and upon information and belief both are still ongoing.

Plaintiff Mid-Century Insurance Company ("Mid-Century") provided a defense to defendant Johnson in the underlying lawsuit with a reservation of rights since the claims asserted against him were clearly not covered by insurance.  The reservation of rights defense was accepted by defendant Johnson.  Defendant Johnson settled the underlying claims against him and has demanded that Plaintiffs indemnify him for amounts he expended both to settle those claims and amounts he expended on his personal counsel (not defense counsel hired by Plaintiffs to defend him in the underlying lawsuit).  Further, defendant Johnson has now filed a "Counterclaim" in this action seeking to blame Plaintiffs for the consequences of his actions in surreptitiously filming his employees under their desks, including a claim for punitive damages.

Plaintiffs filed this action in the District Court of Johnson County, Kansas and defendant has attempted to remove this case to this Court pursuant to diversity jurisdiction under 28 U.S.C. §1332.  Plaintiffs bring this motion to remand.

### III.     STATEMENT OF QUESTION PRESENTED

Whether this action should be remanded to state court since there is not true diversity of citizenship between the parties under 28 U.S.C. §1332.

### IV.     ARGUMENT

As this Court is aware, for diversity jurisdiction to exist under 28 U.S.C. §1332, there must be complete diversity between the parties.  In this case, although defendant Johnson has alleged in his Notice of Removal that there is complete diversity between the parties, relying upon statements in the Amended Petition for Declaratory Judgment filed by Plaintiffs in the

District Court of Johnson County, Kansas[1], Paragraph 2 of Exhibit A also alleges that plaintiff Farmers Insurance Exchange is a reciprocal insurance exchange.  Although its principal place of business is in California, that does not end the inquiry of Farmers Insurance Exchange's citizenship for diversity jurisdiction purposes.

Although incorporated businesses are determined to be citizens of the state where they are incorporated, that is not true for unincorporated associations. *Arbuthnot v. State Auto. Ins. Ass'n*, 264 F.2d 260, 261 (10th Cir. 1959).  This rule has been recognized by several federal courts.  See *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844-45 (10th Cir. 1988); *Jett v. Phillips & Associates,* 439 F.2d 987, 990 (10th Cir.1971); *True v. Robles,* 571 F.3d 412, 422 n. 2 (5th Cir.2009).  It is also clear that reciprocal insurance exchanges (also sometimes referred to as "inter-insurance exchanges") are considered to be associations of subscribers or insureds for purposes of citizenship. *True,* 571 F.3d at 422, n.2.  Further, for purposes of diversity jurisdiction, the citizenship of an unincorporated reciprocal insurance exchange is determined to be each state within which it has a subscriber or member (which includes an insured). *Arbuthnot,* 264 F.2d at 262, n.1.

Kansas statutory law recognizes and authorizes the creation and existence of reciprocal insurance exchanges.  See K.S.A. 40-1601, et seq.  Further, Kansas statutory law defines reciprocal insurance exchanges as follows: "'Reciprocal insurance" means insurance resulting from the mutual exchange of insurance contracts among persons in an unincorporated association under a common name through an attorney-in-fact having authority to obligate each person both as insured and insurer." K.S.A. 40-1623(e).  Reciprocal insurance exchanges are therefore

---

[1] See Exhibit A hereto, Amended Petition for Declaratory Judgment, ¶1-2.

associations under Kansas law, and the diversity rules pertaining to associations, set forth above, are applicable[2].

Plaintiff Farmers Insurance Exchange is a reciprocal insurance exchange, not a corporation as asserted in Paragraph 3b of defendant Johnson's Notice of Removal. As such, it is determined to be a citizen of any state in which it has a member or subscriber. *Arbuthnot,* 264 F.2d at 262, n.1. In this case, defendant Johnson is Farmers Insurance Exchange's member resulting in Farmers Insurance Exchange's residency in Missouri for purposes of this lawsuit. Accordingly, there is no diversity of citizenship between Plaintiff Farmers and defendant Johnson. Complete diversity is required, and does not exist here. This lawsuit must therefore be remanded to state court.

WHEREFORE, Plaintiffs request that this lawsuit be remanded to the District Court of Johnson County, Kansas, Plaintiffs further request an award of their costs and attorney fees that have resulted from the removal of this action, and for such other relief as the Court deems just.

Respectfully submitted,

*/s/ Christopher J Carpenter*

_____
Christopher J Carpenter    KS #16364
Tracy M. Hayes            KS #23119
Sanders, Warren & Russell LLP
9401 Indian Creek Parkway, Suite 1250
Overland Park, Kansas 66210
Phone: (913)234-6100
Facsimile: (913)234-6199
Email: cj.carpenter@swrllp.com
Email: t.hayes@swrllp.com
**ATTORNEYS FOR PLAINTIFFS**

---

[2] Missouri statute also recognizes reciprocal insurance exchanges and considers them to also be associations of subscribers/members. See Mo.Rev.Stat. §379.650, et seq.

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the 3rd day of May, 2013 the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which sent notification to the following::

Richard T. Merker
Wallace Saunders Austin Brown & Enochs, Chtd.
2300 Main Street, Suite 900
Kansas City, Missouri 64108
Phone: 913-888-1000
Facsimile: 913-888-1065
**Attorney for Jeremiah Johnson**


                      */s/ Christopher J Carpenter*
                      _____
                      Attorney for Plaintiffs