IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

```
MID-CENTURY INSURANCE        )
COMPANY, et al.,             )
                             )
        Plaintiffs,          )
                             )
   v.                        )   Case No. 13-2191-RDR
                             )
JEREMIAH JOHNSON, et al.,    )
                             )
        Defendants.          )
```

## MEMORANDUM AND ORDER

This matter is presently before the court upon plaintiffs' motion to remand and defendant's motion for a hearing on plaintiffs' motion. Having carefully reviewed the arguments of the parties, the court is now prepared to rule on both motions.[1]

I.

This is an action for declaratory judgment filed by plaintiffs Mid-Century Insurance Company and Farmers Insurance Exchange (FIE) seeking a declaration that there is no insurance coverage under a homeowner's policy and an umbrella policy issued by plaintiffs to defendant Jeremiah Johnson for claims asserted against him in an underlying lawsuit arising from allegations that he secretly filmed

---

[1] Defendant Johnson has requested that the court have oral argument on plaintiffs' motion to remand. The defendant has not cited any specific reason for the need for oral argument and the court is not able to discern any reason. The parties have clearly stated their arguments in their briefs. The court shall deny defendant's motion for oral argument.

his employees under their desks in his law office. Johnson, a resident of Missouri, is an attorney licensed in the State of Kansas and as a result of his action as alleged in the underlying lawsuit, criminal proceedings and professional disciplinary proceedings have been commenced against him in the State of Kansas. Mid-Century provided a defense to Johnson in the underlying lawsuit with a reservation of rights. The reservation of rights was accepted by Johnson. Johnson settled the underlying claims against him and has demanded that plaintiffs indemnify him for amounts he expended both to settle those claims and amounts he expended on personal counsel. Plaintiffs filed this action in the District Court of Johnson County, Kansas, and Johnson removed the case to this court based upon diversity of citizenship jurisdiction.

II.

In the motion to remand, plaintiffs contend that this court is without subject matter jurisdiction because diversity of citizenship among the parties is lacking. Plaintiffs assert that FIE is a reciprocal insurance exchange which is considered an unincorporated association for the purposes of diversity citizenship. The citizenship of FIE is therefore determined to be each state within which the reciprocal insurance exchange has a subscriber or member. Here, since Johnson is member, that means that FIE is a citizen of Missouri for purposes of this lawsuit. Thus, plaintiffs argue that

the court lacks diversity jurisdiction since both Johnson and FIE are citizens of Missouri.

Johnson has countered that FIE should not be permitted to assert it is a citizen of Missouri because FIE has taken "inconsistent" positions concerning its corporate structure and citizenship in other litigation. Johnson points to the following cases for support: Brackney v. Farmers Ins. Exchange, 2011 WL 3678822 (W.D.Mo. 2011); Shemwell v. Mid-Century Ins. Co., 2000 WL 33301960 (S.D.Ill. 2000); Chittick v. Farmers Ins. Exchange, 844 F.Supp. 1153 (S.D.Tex. 1994); and Truck Ins. Exchange v. Dow Chemical Co., 331 F.Supp. 323 (W.D.Mo. 1971). Johnson next argues that FIE's citizenship is "immaterial" for purposes of diversity jurisdiction because it is not an indispensable party and it has no standing to sue. Johnson asserts that standing is lacking because he has not sought coverage under the umbrella/excess policy that FIE issued.

III.

Federal district courts have original jurisdiction in all civil actions where the amount in controversy exceeds $75,000 and the adverse parties are "diverse," i.e., citizens of different states. 28 U.S.C. § 1332(a). Section 1332(a) requires complete diversity. See Depex Reina 9 P'ship v. Tex. Int'l Petroleum Corp., 897 F.2d 461, 465 (10th Cir. 1990). For purposes of determining a party's citizenship, a natural person is deemed a citizen of the state in

3

which he or she is domiciled, Smith v. Cummings, 445 F.3d 1254, 1260-61 (10th Cir. 2006), a corporation is deemed a citizen of any state in which it is incorporated or has its principal place of business, 28 U.S.C. § 1332(c)(1), and an unincorporated association is deemed a citizen of any state in which its "members" are citizens, see Tuck v. United Servs. Auto. Ass'n, 859 F.2d 842, 844-45 (10th Cir. 1988).

The nature of reciprocal insurance exchanges was recently explained by the court in James G. Davis Const. Corp. v. Erie Ins. Exchange, 2013 WL 2250152 at *2-3 (D.Md. 2013) as follows:

> A reciprocal insurance exchange is an unincorporated association of persons or entities, referred to as "subscribers," who exchange risks among themselves. 1 Jeffrey E. Thomas, New Appleman on Insurance Law Library Edition § 1.08[4][e]. The goal of the exchange is for an individual or entity to obtain insurance by entering into a pool of subscribers who all agree to insure one another, subject to certain conditions. Thus, in a reciprocal insurance exchange, "[e]ach subscriber is both an insurer and an insured." Michael A. Haskel, The Legal Relationship Among A Reciprocal Insurer's Subscribers, Advisory Committee and Attorney-in-Fact, 6 N.Y. City L.Rev. 35 (2003) (footnotes omitted) (emphasis added). The subscribers assume liability severally, "meaning that the liability of each member is limited to the premiums paid by that member." Appleman, supra, § 1.08[4][e]. If a subscriber defaults on his or her premium payments, the other subscribers "cannot be charged with a portion of the liability of the defaulting subscriber." Id. The association is not operated for profit, but acts "through a person or corporation serving as attorney-in-fact for the organization." Id. Although the powers of the attorney-in-fact may vary from exchange to exchange, the role is largely administrative. Haskel, supra, at 48-49.
> .        .   .   .   .

In a reciprocal insurance exchange, there is no distinction between policyholders (or "customers") and insurers (or "underwriters"). Indeed, one of the key identifying components of a reciprocal insurance exchange is that all of the policyholders are also providers of insurance to each other (or "subscribers"). Thus, "when a disgruntled policyholder sues the reciprocal, he is suing not so much the entity as he is his fellow individual members of that entity." Baer v. United Services Automobile Association, 503 F.2d 393, 395 n. 3 (2nd Cir.1974).

Kansas recognizes and authorizes the creation and existence of reciprocal insurance exchanges. See K.S.A. 40-1601 et seq. Reciprocal insurance exchanges are defined in Kansas as follows: "'Reciprocal insurance'" means insurance resulting from the mutual exchange of insurance contracts among persons in an unincorporated association under a common name through an attorney-in-fact having authority to obligate each person both as insured and insurer." K.S.A. 40-1623(e). Thus, reciprocal insurance exchanges are associations under Kansas law.

The law is well-settled in most jurisdictions, including the Tenth Circuit, that for purposes of diversity jurisdiction, the citizenship of a reciprocal insurance exchange is determined to be each state within which it has a subscriber or member. See Arbuthnot v. State of Automobile Ins. Assoc., 264 F.2d 260, 261-62 (10th Cir. 1959)(rejecting argument that unincorporated reciprocal or inter-insurance exchange is a citizen of the state in which it is incorporated).

5

A.  Inconsistent Positions Taken by FIE

The court notes initially that Johnson has failed to offer any authority for his argument that FIE should be "estopped" from asserting it is a citizen of Missouri because it has taken different positions on the issue in other cases. This argument clearly lacks merit. Subject matter jurisdiction cannot be conferred or waived by consent, estoppel, or failure to challenge jurisdiction early in the proceedings. Laughlin v. Kmart Corp., 50 F.3d 871, 873 (10th Cir. 1995). In determining citizenship for the purposes of diversity jurisdiction, the court is concerned with the particular facts applicable to each case, not the prior representations made by a party. The prior presentations might have some impact on the credibility of later representations but that does not appear to be an issue here. Johnson has not argued that FIE is not a reciprocal insurance exchange.

Even if the court found that the contention had some merit, we are not persuaded that Johnson has shown sufficient support for his argument. Only two of the cases refer specifically to a position taken by FIE. In Chittick, the court refers to an affidavit from a Farmers Branch Claims Supervisor and then indicates that it is unrefuted that FIE is a "California corporation with its principal place of business in California." Chittick, 844 F.Supp. at 1156. However, as pointed out by FIE here, the opinion contains no

6

information on the substance of the affidavit. In another of the cases, Dow Chemical, Truck Insurance Exchange (identified by plaintiffs in this case as a reciprocal insurance exchange that is part of the Farmers Group of Insurance Companies) did allege it was a citizen of California for purposes of federal diversity jurisdiction because it was incorporated there and had its principal place of business there. Dow Chemical, 331 F.Supp. at 331. The court, however, rejected that contention and determined that the court lacked diversity jurisdiction because the defendants were Missouri citizens and Truck Insurance Exchange was a reciprocal insurance exchange with members in Missouri. Id. This case does show that at least one of the companies in the Farmers Insurance Group did represent in 1971 that it was citizen of California. Nevertheless, the court is not persuaded that this allegation raised over forty years ago precludes FIE from contending that it is citizen of Missouri for the purposes of determining diversity jurisdiction in this case.

B. FIE's Citizenship is Immaterial

Johnson next contends that FIE's citizenship is "immaterial" for purposes of diversity jurisdiction because it issued the umbrella/excess policy and that excess coverage has not been sought by him. Johnson suggests that FIE is not an indispensable party in this action and lacks standing to sue.

The court begins by noting that Johnson has offered no authority in support of this position. Johnson has not examined the law concerning indispensable parties or standing. In any event, the allegations made by the defendant in this case are contrary to the suggestion that he has made no claim against FIE. In the counterclaim filed by Johnson, he alleges that both plaintiffs were "notified of the claims being advanced. . ." He further alleges that neither plaintiff properly investigated or defended the claims against him. Accordingly, FIE's presence in this case appears appropriate.

Because FIE has members in Missouri, FIE is considered a citizen of Missouri for diversity of jurisdiction purposes. Since Johnson is also a citizen of Missouri, diversity of citizenship jurisdiction is lacking here. Plaintiffs' motion to remand shall be granted.

IV.

With this decision, the court shall consider whether to award attorneys' fees and costs. Johnson contends that the court should not award attorneys' fees and costs because he removed this case in good faith as he was unaware that FIE was a reciprocal insurance exchange.

An order granting a motion to remand "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of removal." 28 U.S.C. § 1447(c). Such an award is

8

therefore within the court's discretion. See Suder v. Blue Circle, Inc., 116 F.3d 1351, 1352 (10th Cir. 1997). Because the court has found that removal was improper, it has discretion to award costs. Suder, 116 F.3d at 1352. In deciding whether to award costs, "the key factor is the propriety of defendant's removal." Excell, Inc. v. Sterling Boiler & Mech., Inc., 106 F.3d 318, 321 (10th Cir. 1997)(citing Daleske v.. Fairfield Cmtys., 17 F.3d 321, 324 (10th Cir.), cert. denied, 511 U.S. 1082 (1994)). The court "does not have to find that the state court action has been removed in bad faith as a prerequisite to awarding attorney fees and costs under § 1447(c)." Excell, 106 F.3d at 321(citing Daleske, 17 F.3d at 324-25).

The court finds that attorneys' fees and costs should be awarded to the plaintiffs. The court is not persuaded that Johnson's actions here were taken in good faith. Johnson has offered nothing to the court to demonstrate that he made any effort to determine the citizenship of FIE prior to removing the case. Accordingly, the court finds that an award of costs and expenses is appropriate.

**IT IS THEREFORE ORDERED** that defendant's motion for oral argument on plaintiffs' motion to remand (Doc. # 16) be hereby denied.

**IT IS FURTHER ORDERED** that plaintiffs' motion to remand (Doc. # 8) be hereby granted. This case shall be remanded to the District Court of Johnson County, Kansas.

**IT IS FURTHER ORDERED** that pursuant to 28 U.S.C. § 1447(c), defendant shall pay the just costs and actual expenses, including attorneys' fees, which plaintiffs incurred as a result of the improper removal. The procedure set forth in D.Kan. Rule 54.2 shall apply to this issue, except that the time deadlines shall be as follows. On or before June 24, 2013, plaintiffs shall file a fee application which itemizes all fees and costs for which it seeks reimbursement. If the parties reach agreement regarding the fee request, they shall file an appropriate stipulation on or before July 23, 2013. If they are unable to agree, plaintiffs on or before July 26, 2013 shall file the required statement of consultation and supporting memorandum. Defendant may respond on or before August 5, 2013 and plaintiff may reply on or before August 15, 2013.

**IT IS SO ORDERED.**

Dated this 14th day of June, 2013, at Topeka, Kansas.

*s/Richard D. Rogers*
United States District Judge